# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHER SPARANO, Derivatively On Behalf of ARENA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK LIEF, DOMINIC P. BEHAN, DONALD D. BELCHER, SCOTT H. BICE, HARRY F. HIXSON, JR., TINA S. NOVA, SCOTT M. SCHNEIDER, CHRISTINE A. WHITE, M.D., and RANDALL E. WOODS, <br><br> Defendants, <br><br> -and- <br><br> ARENA PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Case No. 10cv2079 BTM(BLM) <br><br> **ORDER GRANTING MOTIONS TO CONSOLIDATE, DENYING MOTIONS TO APPOINT LEAD PLAINTIFF, AND APPOINTING ROBBINS UMEDA LLP AS LEAD COUNSEL** |

| | |
|---|---|
| VYTUS B. SILIUNAS, Derivatively On Behalf of ARENA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK LIEF, DOMINIC P. BEHAN, ROBERT E. HOFFMAN, WILLIAM R. SHANAHAN, JR., CHRISTEN ANDERSON, DONALD D. BELCHER, SCOTT H. BICE, HARRY F. HIXSON, JR., TINA S. NOVA, CHRISTINE A. WHITE, PHILLIP M. SCHNEIDER, RANDALL E. WOODS, and J. CLAYBURN LA FORCE, JR., <br><br> Defendants, <br><br> -and- <br><br> ARENA PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Case No. 10cv2132 BTM(BLM) |
| MARTIN GORE, Derivatively On Behalf of ARENA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK LIEF, DOMINIC P. BEHAN, DONALD D. BELCHER, SCOTT H. BICE, HARRY F. HIXSON, JR., TINA S. NOVA, SCOTT M. SCHNEIDER, CHRISTINE A. WHITE, M.D., and RANDALL F. WOODS, <br><br> Defendants, <br><br> -and- <br><br> ARENA PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Case No. 10cv2344 BTM(BLM) |

Plaintiff Vytas B. Siliunas (Case No. 10cv2132) has filed a motion to consolidate these related cases, to appoint himself as lead plaintiff, and to appoint his counsel, Robbins Umeda LLP, as lead counsel. Plaintiffs Sher Sparano (Case No.10cv2079) and Martin Gore (Case No. 10cv2344) have filed a competing motion to consolidate the cases, to appoint Sparano and Gore as lead plaintiffs, and to appoint their attorneys, Douglas J. Campion and Ronald A. Marron, as co-lead counsel. For the reasons discussed below, the Court grants the motions to consolidate, denies the motions to appoint lead plaintiff, grants Siliunas's motion to appoint lead counsel (Robbins Umeda LLP), and denies Sparano and Gore's motion to appoint lead counsel.

## I. BACKGROUND

All three of these derivative actions are brought on behalf of Arena Pharmaceuticals, Inc. ("Arena"), and seek to hold certain officers and directors accountable for misleading the public with respect to the safety and efficacy of Lorcaserin, an experimental weight loss drug developed by Arena. It is alleged that the defendants knew that clinical trials showed that Lorcaserin caused rats to have increased chances of cancer and that FDA scientists had expressed concern that Lorcaserin produced minimal weight loss while raising cardiovascular and cancer safety risks. Nevertheless, defendants allegedly made positive statements regarding the drug's efficacy, safety, and tolerability. During the relevant time period, millions of dollars of Arena stock were sold in one public and two private stock offerings.

On September 16, 2010, the FDA panel voted against approval of Lorcaserin. Arena's stock value immediately plummeted, resulting in a loss of $668.6 million, or 64% of its market capitalization. A number of shareholder class actions have been filed against Arena, alleging violation of securities laws and seeking damages suffered as a result of the allegedly inflated stock prices.

The Sparano derivative action was filed on October 6, 2010. A week later, Siliunas filed his complaint. The Gore action followed on November 12, 2010. There is substantial

overlap among the complaints.[1]

## II. DISCUSSION

### A. Consolidation

Consolidation is appropriate when there is a "common question of law or fact . . . pending before the Court." Fed. R. Civ. P. 42(a). These three actions clearly involve common questions of law and fact, and no party has objected to consolidation. Therefore, the Court grants the motions to consolidate.

### B. Appointment of Lead Plaintiff

Siliunas asks the Court to appoint him as lead plaintiff in the consolidated actions. Sparano and Gore have filed their own motion to be appointed co-lead plaintiffs. The Court denies both of these motions.

In securities fraud actions, the appointment of a lead plaintiff is governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67 (1995). There is no such statute addressing the appointment of a lead plaintiff in derivative actions.

Although some district courts have appointed lead plaintiffs in consolidated derivative actions, others have declined to do so and have appointed lead counsel only. See, e.g., In re Comverse Tech., Inc. Derivative Litig., 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006); Gallardo v. Bennett, 2006 WL 2884497 (N.D. Cal. Oct. 10, 2006). As explained in In re Comverse, because a plaintiff in a derivative action is bringing claims on behalf of a company, it is unclear what benefits there are to appointing a lead plaintiff, especially when lead counsel is appointed. In MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958), the Second Circuit discussed the benefits of *consolidation* of derivative actions and the *appointment of lead counsel*, but did not mention the benefits of *appointing a lead plaintiff*.

---

[1] The Sparano action alleges a breach of fiduciary duty claim only. The other two actions also include claims for waste of corporate assets and unjust enrichment. The Siliunas action also names four additional defendants – Robert E. Hoffman, William R. Shanahan, Jr., Christen Anderson, and J. Clayburn La Force, Jr.

Since the matter of who should be lead plaintiff is contested, and there is no Ninth Circuit authority indicating that a lead plaintiff should be appointed, the Court declines to appoint a lead plaintiff.

C. Appointment of Lead Counsel

The benefits of appointing a lead counsel in consolidated derivative actions is clear: "The benefits achieved by consolidation and the appointment of general counsel, i.e., elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." MacAlister, 263 F.2d at 69. The standards to be used in determining who should be appointed lead counsel are less clear.

Courts have considered a variety of factors including (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel. In re Bank of America Corp. Sec. Derivative and ERISA Lit., 258 F.R.D. 260, 272 (S.D.N.Y. 2009). Courts have also considered the criteria for appointing interim class counsel set forth in Fed. R. Civ. P. 23(g)(1) – (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Id.; In re Comverse, 2006 WL 3761986 at * 2-3.

Upon consideration of the factors listed above and the particular circumstances of the cases before the Court, the Court concludes that Robbins Umeda LLP should be appointed lead counsel. Robbins Umeda has already been appointed lead counsel in the related consolidated state derivative action. The Court is convinced that any small potential of a conflict arising out of Robbins Umeda acting as lead counsel in state court and federal court is far outweighed by efficiency considerations. The Court agrees with Robbins Umeda that appointing it as lead counsel in this action will prevent needless duplication of efforts and

waste of resources and will "ensure that counsel can speak with one voice on behalf of Arena, avoid unseemly conflicts, and ensure consistency in the prosecution of the derivative claims brought on the Company's behalf." (Siliunas Opp. at 2:7-9.)

Contrary to the arguments of Sparano and Gore, there is no requirement that Robbins Umeda select either state or federal court as the forum to litigate derivative actions. The Court's determination of who should serve as lead counsel is not about "dividing the spoils," but, rather, focuses on who will best serve the interests of the plaintiffs. Even Defendants believe that "[h]aving the same plaintiffs' counsel in the state and federal derivative actions and/or ordering coordination between them would serve to minimize the duplication of work and inconsistent discovery tracks." (Defendants' Response at 1:21-23.)

The Court notes that both law firms have significant experience in serving as lead counsel in derivative and class actions and have a history of obtaining favorable results. Both firms have the resources and expertise to fulfill the role as lead counsel in this action. However, the considerations noted above convince the Court that Robbins Umeda should serve as lead counsel.

Accordingly, the Court appoints Robbins Umeda as lead counsel in this consolidated derivative action.

### III. CONCLUSION

For the reasons discussed above, the motions to consolidate the actions are **GRANTED**, the motions to appoint lead plaintiff are **DENIED**, Siliunas's motion to appoint Robbins Umeda LLP as lead counsel is **GRANTED**, and Sparano and Gore's motion to appoint their attorneys as co-lead counsel is **DENIED**. It is further ordered:

1. The above-captioned cases are hereby consolidated for all purposes, including pre-trial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a).

2. Every pleading filed in these consolidated actions, or in any separate action included herein, must bear the following caption:

///

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| IN RE ARENA PHARMACEUTICALS, INC. SHAREHOLDER LITIGATION | Lead Case No. 10cv02079 BTM(BLM)<br><br>(Consolidated with: Case Nos. 10cv02132 BTM(BLM) and 10cv02344 BTM(BLM))<br><br><u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | |

    3.   The files of these consolidated actions will be maintained in one file under Lead Case No. 10cv02079 BTM(BLM).

    4.   The Lead Counsel for plaintiffs for the conduct of these consolidated actions shall be:

> ROBBINS UMEDA LLP
> BRIAN J. ROBBINS
> KEVIN A. SEELY
> SHANE P. SANDERS
> 600 B Street, Suite 1900
> San Diego, CA 92101
>
> Telephone: (619) 525-3990
> Facsimile: (619) 525-3991
> brobbins@robbinsumeda.com
> kseely@robbinsumeda.com
> ssanders@robbinsumeda.com

    5.   Plaintiffs' Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Plaintiffs' Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel.

7. Plaintiffs' Lead Counsel shall be available and responsible for communications to and from this Court. Plaintiffs' Lead Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

8. Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel, or other duly authorized representative of plaintiffs' Lead Counsel, and such agreements shall be binding on plaintiffs.

9. When a case which might properly be consolidated as part of <u>In re Arena Pharmaceuticals, Inc. Shareholder Litigation</u>, Lead Case No. 10cv02079 BTM(BLM), is hereafter filed in the Court, reassigned to the Court, or transferred here from another court, it is requested that Lead Counsel call this fact to the Court's attention.

10. Plaintiffs shall file a Consolidated Derivative Complaint within 30 days of the filing of this Order. Defendants shall have 45 days from the filing of the Consolidated Derivative Complaint to respond to the complaint.

**IT IS SO ORDERED.**

DATED: March 3, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge