# Exhibit A

F I L E D
Clerk of the Superior Court

DEC 1 6 2011

By: K. Mulligan, Deputy

1

2

3

4

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

| | |
|---|---|
| IN RE ARENA PHARMACEUTICALS, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 37-2010-00101051-CU-BT-CTL |
| This Document Relates To: | (Consolidated with Case No. 37-2010-00101052-CU-BC-CTL) |
| ALL ACTIONS | (km) [AMENDED PROPOSED] FINAL ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT |
| | Judge: Ronald L. Styn Dept: C-62 Date Action Filed: September 24, 2010 |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    October 19, 2011 ("Preliminary Approval Order"), on the application of the Settling Parties for

3    approval of the Settlement set forth in the Stipulation of Settlement dated September 9, 2011 (the

4    "Stipulation").   Due and adequate notice having been given to Arena Pharmaceuticals, Inc.

5    ("Arena") shareholders as required in said Preliminary Approval Order, and the Court having

6    considered all papers filed and proceedings and otherwise being fully informed in the premises

7    and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND

8    DECREED that:

9          1.    This Judgment incorporates by reference the definitions in the Stipulation, a true

10   and correct copy of which is attached hereto as Exhibit 1, and all capitalized terms used herein

11   shall have the same meanings and/or definitions as set forth in the Stipulation.

12         2.    This Court has jurisdiction over the subject matter of the State Derivative Action,

13   including all matters necessary to effectuate the Settlement, and over all Settling Parties to the

14   State Derivative Action, including the State Derivative Plaintiffs, Arena shareholders, Arena, and

15   the Individual Defendants.

16         3.    The Court finds that the Settlement is fair, reasonable, and adequate as to each of

17   the Settling Parties and that the Settlement provides substantial benefits to Arena and its

18   shareholders.   The Court hereby finally approves the Settlement in all respects and orders the

19   Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

20         4.    The State Derivative Action and all claims contained therein, as well as all of the

21   Released Claims, are dismissed with prejudice.   As between Plaintiffs, Arena, and the Individual

22   Defendants, the Settling Parties are to bear their own costs, except as otherwise provided herein

23   and in the Stipulation.

24         5.    Upon the Effective Date, Plaintiffs' Released Persons, and each past or present

25   shareholder of Arena shall be deemed to have, and by operation of the Judgment shall have,

26   fully, finally and forever released, relinquished and discharged all Plaintiffs' Released Claims,

27   including both known and Unknown Claims, against Defendants' Released Persons.

28

[AMENDED PROPOSED] FINAL ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT

6.     Upon the Effective Date, each of the Defendants' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Defendants' Released Claims against Plaintiffs' Released Persons, Plaintiffs' Counsel, and Defendants' Released Persons.

7.     The Court finds that the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions, published in *Investor's Business Daily* and included in Arena's Form 8-K, filed with the U.S. Securities and Exchange Commission, a true and correct copy of which is attached hereto as Exhibit 2, and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice") posted on the websites of Robbins Umeda LLP and Arena, a true and correct copy of which is attached hereto as Exhibit 3, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of California law and due process under the U.S. Constitution.

8.     The Court finds that during the course of the State Derivative Action the Settling Parties and their respective counsel at all times acted professionally and in compliance with California Code of Civil Procedure sections ~~128.5 and~~ 128.7, and all other similar statutes or court rules with respect to any claims or defenses in the Actions.

9.     The Court hereby approves the sum of $1.1 million for the payment of Plaintiffs' attorneys' fees and expenses (the "Fee and Expense Amount"). Defendants shall cause their insurers to transfer the Fee and Expense Amount to Lead Counsel in accordance with the terms and conditions set forth in the Stipulation.

10.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative

- 2 -

[AMENDED PROPOSED] FINAL ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT

agency, or other tribunal. Arena, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if the entry of the Judgment fails to occur in accordance with the Stipulation.

12.     If for any reason any of the conditions of paragraph 6.1 of the Stipulation does not occur, or if the Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, all Settling Parties and Released Persons shall be restored to their respective positions in the Actions on the date immediately prior to the execution date of the Stipulation. In such event, the terms and provisions of the Stipulation shall be null and void and of no force and effect, except for paragraph 6.2, unless the Settling Parties' counsel mutually agree in writing otherwise, and the Stipulation shall not be deemed to constitute an admission of fact by any of the Settling Parties, and neither the existence of the Stipulation nor its contents, shall be admissible in evidence or be referred to for any purposes in the Actions or in any litigation or judicial proceeding.

13.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with California Code of Civil Procedure section 664.6.

IT IS SO ORDERED.

DATED: DEC 1 6 2011

RONALD L. STYN

HONORABLE RONALD L. STYN
JUDGE OF THE SUPERIOR COURT

682221

- 3 -

# EXHIBIT 1

1   ROBBINS UMEDA LLP
    BRIAN J. ROBBINS (190264)
2   KEVIN A. SEELY(199982)
    ASHLEY R. PALMER (246602)
3   600 B Street, Suite 1900
    San Diego, CA  92101
4   Telephone: (619) 525-3990
    Facsimile: (619) 525-3991
5
                                                F I L E D
6   Lead Counsel for Plaintiffs                 Clerk of the Superior Court

7   [Additional Counsel Appear on Signature Page]   OCT 1 8 2011

8                                               By: P. WOODS, Deputy

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN DIEGO

12
    IN RE ARENA PHARMACEUTICALS,      )   Lead Case No. 37-2010-00101051-CU-BT-
13  INC. SHAREHOLDER DERIVATIVE       )   CTL
    LITIGATION                        )
14  ——————————————————————————       )   (Consolidated with Case No. 37-2010-
                                      )   00101052-CU-BC-CTL)
15  This Document Relates To:         )
                                      )   STIPULATION OF SETTLEMENT
16       ALL ACTIONS                  )
                                      )
17                                    )   Judge: Ronald L. Styn
                                      )   Dept: C-62
18                                    )   Date Action Filed: September 24, 2010
                                      )
19                                    )
                                      )
20                                    )

21

22

23

24

25

26

27

28

                          STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated as of September 9, 2011, is made and entered into by and among: (i) State Derivative Plaintiffs[1] in the State Derivative Action filed on behalf of Arena Pharmaceuticals, Inc., ("Arena" or the "Company") entitled *In re Arena Pharmaceuticals, Inc. Shareholder Derivative Litigation*, Lead Case No. 37-2010-00101051-CU-BT-CTL, pending in the Superior Court of the State of California, County of San Diego; (ii) Federal Derivative Plaintiffs in the Federal Derivative Action filed on behalf of Arena, entitled *In re Arena Pharmaceuticals, Inc. Shareholder Litigation*, Lead Case No. 10-CV-02079-BTM-BLM, pending in the United States District Court, Southern District of California; (iii) Individual Defendants; and (iv) nominal defendant Arena. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve the Actions upon and subject to the terms and conditions herein.

I.      **THE DERIVATIVE ACTIONS**

   A.      **State Derivative Action**

      On September 24, 2010, plaintiffs Farshid Yassian ("Yassian") and Jerry Querubin ("Querubin") filed two separate shareholder derivative complaints in the State Court.  On September 30, 2010, plaintiff Jake Vale ("Vale") filed a third shareholder derivative action in the State Court. On October 19, 2010, the State Court entered an Order consolidating the *Yassian* and *Querubin* actions and appointing Robbins Umeda LLP as Lead Counsel.  On December 2, 2010, the State Court entered an order consolidating the *Vale* action with the pending consolidated derivative action.[2]

      On November 22, 2010, State Derivative Plaintiffs filed their consolidated complaint. Defendants filed a demurrer to the consolidated complaint on February 15, 2011.  State Derivative Plaintiffs opposed Defendants' demurrer on March 18, 2011, and Defendants filed their reply in support of their demurrer on March 24, 2011.

_____

[1] All defined terms shall have the same meaning as set forth in Section III.1, unless otherwise noted.

[2] On January 13, 2011, plaintiff Querubin was voluntarily dismissed from the State Action, but plaintiffs Yassian and Vale's status as plaintiffs remain unaltered by the dismissal.

1    On March 29, 2011, the State Derivative Action was stayed pending the Parties' settlement

2    negotiations and mediation, scheduled before the Honorable Layn R. Phillips (Ret.) (the

3    "Mediator") on July 22, 2011.

4    **B.    Federal Derivative Action**

5    On October 6, 2010, the first of three related shareholder derivative actions was filed in the

6    United States District Court, Southern District of California ("Federal Court") on behalf of Arena.

7    On March 3, 2011, the Federal Court entered an order consolidating the three related derivative

8    actions and appointing Robbins Umeda LLP as Lead Counsel.  On May 2, 2011, the Federal Court

9    entered an order staying the Federal Derivative Action in favor of the State Derivative Action and

10   the pending mediation.  The related Federal Derivative Action was mediated together with the State

11   Derivative Action on July 22, 2011, before the Mediator.[3]

12   **C.    Summary of Plaintiffs' Allegations**

13   Plaintiffs allege claims against the Individual Defendants for breaching their fiduciary

14   duties, wasting corporate assets, and being unjustly enriched as a result of their wrongdoing.

15   Specifically, Plaintiffs allege, among other things, that the Individual Defendants made and

16   approved false and misleading statements to the public that failed to disclose the Company's

17   experimental weight-loss drug, lorcaserin, had caused cancer in lab rats, and instead disclosed

18   lorcaserin was safe, effective, and likely to gain approval from the U.S. Food and Drug

19   Administration ("FDA").  The FDA ultimately did not approve the Company's NDA for lorcaserin

20   and instead requested additional information about the drug, due, in part to the FDA's concerns

21   about the drug's link to cancer in lab rats, causing Arena to lose hundreds of millions of dollars in

22   market capitalization.

23   _____

24   [3] In addition, on September 20, 2010, the first of seven related Federal Class Actions was filed in
     the Federal Court.  On August 8, 2011, the Federal Court consolidated the Federal Class Actions
25   and appointed a lead plaintiff and lead counsel.  A related individual action asserting direct state law
26   claims, not derivative claims (the "*Sharp* Action"), is also pending in Federal Court and has been
     coordinated with the Federal Class Actions for all purposes.    This Settlement and Stipulation does
27   not involve the pending Federal Class Actions or the *Sharp* Action.

28

**D.      Settlement Negotiations**

On February 4, 2011, Plaintiffs sent Defendants a settlement demand outlining a proposed framework upon which to settle the Actions.  On July 22, 2011, the Settling Parties participated in an all-day, in person, mediation session before the Mediator.  After extensive negotiations, the Settling Parties, with the assistance and involvement of the Mediator, were able to reach agreement on a settlement to resolve the Actions on the terms and conditions set forth herein.  The Settling Parties agree that the Settlement confers substantial benefits upon, and is in the best interests of, Arena and its shareholders.

**II.      PROPRIETY OF SETTLEMENT IN BEST INTERESTS OF ARENA**

**A.      Plaintiffs' Claims and Benefits of Settlement**

Plaintiffs, through Lead Counsel, conducted an extensive factual and legal investigation into the claims asserted in the Actions, as well as the defenses and controlling legal principles surrounding those claims.  Among other things, Plaintiffs, through their Lead Counsel, reviewed Arena's press releases, public statements, filings with the U.S. Securities and Exchange Commission ("SEC"), regulatory filings and reports, and securities analysts' reports and other advisories about the Company.

Plaintiffs believe that the claims asserted in the Actions have merit.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Individual Defendants through trial and/or any appeals.  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigation.  In addition, Plaintiffs are mindful of the inherent problems of proof and possible defenses that Defendants may assert with respect to the Actions.

In light of the foregoing, Plaintiffs and their Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon Arena.  Thus, Plaintiffs and their Lead Counsel have determined that the Settlement is in the best interests of Arena and its shareholders.

- 3 -
STIPULATION OF SETTLEMENT

**B.    Defendants' Denials of Wrongdoing and Liability**

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Actions. The Individual Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions.

Nonetheless, Defendants have concluded that further litigation of the Actions would be protracted and expensive, and that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Actions. Defendants have, therefore, determined that it is desirable and beneficial to them and to Arena that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

**III.    TERMS OF STIPULATION OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (derivatively on behalf of Arena) and the Defendants that, subject to the approval of the State Court, in exchange for the corporate governance measures to be adopted by the Company as a result of the filing and prosecution of the Actions, as set forth in Exhibit A, the Actions and Plaintiffs' Released Claims and Defendants' Released Claims shall be fully, finally, and forever compromised, settled, and released, and the Actions shall be dismissed with prejudice and with full preclusive effect as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

**1.    Definitions**

As used in the Stipulation, the following terms have the meanings specified below:

1.1    "Actions" means, collectively, the State Derivative Action and the Federal Derivative Action.

1.2    "Arena" or the "Company" means Arena Pharmaceuticals, Inc., a corporation organized under the laws of the State of Delaware.

1.3    "Defendants" means nominal defendant Arena and the Individual Defendants.

- 4 -

1.4     "Defendants' Related Persons" means each of a Defendant's respective past or present officers, directors, employees, attorneys, accountants, auditors, banks or investment bankers, advisors, insurers, co-insurers, reinsurers, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors, assigns, parent entities, subsidiaries, affiliates, spouses, associates, any members of his or her immediate family, or any trust of which that person is a settler or which is for the benefit of that person and/or member(s) of that person's family or any affiliate of any such person.

1.5     "Defendants' Released Claims" means any and all actions, suits, claims, debts, rights, liabilities and causes of action, including both known and Unknown Claims, that could be asserted in any forum by Defendants' Released Persons against Plaintiffs' Released Persons, Plaintiffs' Counsel, or Defendants' Released Persons, that arise out of or relate in any way to the institution, prosecution, or settlement of the Actions (except for any claims to enforce the Settlement); provided, however, that the Individual Defendants, by virtue of this Stipulation, have not released, relinquished, or discharged Arena's insurers, co-insurers, and re-insurers from, and Defendants' Released Claims do not include, any claims, rights, or causes of action for indemnification or for advancement of attorneys' fees and expenses (or other defense costs) by the Individual Defendants against Arena, for any matter whatsoever required or permitted to the fullest extent under Arena's Certificate of Incorporation or Bylaws, California or Delaware law, or any indemnification or similar agreement between Arena and any Individual Defendant, or any insurance policy.

1.6     "Defendants' Released Persons" means each and all of the Defendants and Defendants' Related Persons.

1.7     "Effective Date" means the first business day after the State Court's order approving the Stipulation (the "Order") becomes a Final Judgment (as defined below) as a matter of law and is no longer subject to appellate review, either by the expiration of the time to appeal therefrom without any appeal having been taken pursuant to California Rule of Court 8.822, or, if an appeal is taken, by the final determination of the appeal by the highest court to which such an appeal may be taken.

- 5 -

1.8    "Federal Court" means the United States District Court, Southern District of California.

1.9    "Federal Class Actions" means the actions entitled *Schueneman v. Arena Pharmaceuticals, Inc., et al.*, S.D. Cal. Case No. 3:10-cv-01959, *Sutliff, et al. v. Arena Pharmaceuticals, Inc., et al.*, S.D. Cal. Case No. 3:10-cv-01961, *Pratt v. Arena Pharmaceuticals, Inc., et al.*, S.D. Cal. Case No. 3:10-cv-01977, *Rubenstein v. Arena Pharmaceuticals, Inc., et al.*, S.D. Cal. Case No. 3:10-cv01984, *Velasquez v. Arena Pharmaceuticals, Inc. et al.*, Case No. 3:10-cv-02026, *Vu v. Arena Pharmaceuticals, Inc., et al.*, Case No. 3:10-cv-02086, and *Jacobson v. Arena Pharmaceuticals, Inc., et al.*

1.10    "Federal Derivative Action" means the consolidated shareholder derivative actions filed on behalf of Arena, entitled *In re Arena Pharmaceuticals, Inc. Shareholder Litigation*, Lead Case No. 10-CV-62079-BTM-BLM, pending in the Federal Court.

1.11    "Federal Derivative Plaintiffs" means collectively, Sher Sparano, Vytas Siliunas, and Martin Gore.

1.12    "Final" means the later of:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal of any appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal from the Judgment.

1.13    "Individual Defendants" means, collectively, Jack Lief, Dominic P. Behan, Robert E. Hoffman, William R. Shanahan, Jr., Christen Anderson, Donald D. Belcher, Scott H. Bice, Harry F. Hixson, Jr., Tina S. Nova, Christine A. White, Phillip M. Schneider, Randall E. Woods, and J. Clayburn La Force, Jr.

1.14    "Judgment" means the Proposed Final Order of Dismissal with Prejudice and Judgment to be issued by the State Court, substantially in the form of Exhibit E attached hereto.

1.15    "Lead Counsel" means Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101, Telephone: (619) 525-3990.

1.16    "Mediator" means the Honorable Layn R. Phillips (Ret.).

1.17    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock

- 6 -

company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiffs" means, collectively, State Derivative Plaintiffs and Federal Derivative Plaintiffs.

1.19    "Plaintiffs' Counsel" means all counsel who have appeared for the State Derivative Plaintiffs and Federal Derivative Plaintiffs.

1.20    "Plaintiffs' Related Persons" means each and all of Plaintiffs' immediate family members, spouses, heirs, executors, administrators, successors, trustees, attorneys, personal or legal representatives, advisors, estates, assigns, and agents thereof.

1.21    "Plaintiffs' Released Claims" means any and all actions, suits, claims, debts, demands, rights, liabilities, and causes of action, including both known and Unknown Claims, existing derivatively on behalf of Arena, by Plaintiffs' Released Persons against any of Defendants' Released Persons which arise out of or relate to: (i) the allegations asserted or which could have been asserted in the Actions; or (ii) the Settlement, except for any claims to enforce the terms of the Settlement; provided, however, that Plaintiffs' Released Claims shall not include the claims asserted in the Federal Class Actions or the *Sharp* Action.

1.22    "Plaintiffs' Released Persons" means each and all of the Plaintiffs and Plaintiffs' Related Persons.

1.23    "Released Claims" means Defendants' Released Claims and Plaintiffs' Released Claims.

1.24    "Released Persons" means Defendants' Released Persons and Plaintiffs' Released Persons.

1.25    "*Sharp* Action" means an individual action entitled *Sharp v. Arena Pharmaceuticals, Inc., et al.*, Case No. 3:10-cv-02111, pending in the Federal Court and asserting direct state law claims.

1.26    "Settlement" means the settlement contemplated by this Stipulation.

1       1.27   "Settlement Hearing" means the hearing set by the State Court to consider final

2   approval of the Settlement.

3       1.28   "Settling Parties" means, collectively, Defendants and Plaintiffs.

4       1.29   "State Court" means the Superior Court of the State of California, County of San

5   Diego.

6       1.30   "State Derivative Action" means the consolidated shareholder derivative actions filed

7   on behalf of Arena, entitled *In re Arena Pharmaceuticals, Inc. Shareholder Derivative Litigation,*

8   Lead Case No. 37-2010-00101051-CU-BT-CTL, pending in the State Court.

9       1.31   "State Derivative Plaintiffs" means Farshid Yassian and Jake Vale.

10       1.32   "Unknown Claims" means any of the Plaintiffs' Released Claims and any of the

11   Defendants' Released Claims that any Settling Party does not know or suspect exists in his, her, or

12   its favor at the time of the Settlement including, without limitation, those claims which, if known,

13   might have affected the decision to enter into, or not object to, this Settlement.  The Settling Parties

14   expressly waive, relinquish, and release any and all provisions, rights, and benefits conferred by or

15   under California Civil Code section 1542 ("§1542") or any other law of the United States or any

16   state or territory of the United States, or principle of common law, which is similar, comparable, or

17   equivalent to §1542, which provides:

18           *A general release does not extend to claims which the creditor does not know or*
        *suspect to exists in his or her favor at the time of executing the release, which if*

19           *known by him or her must have materially affected his or her settlement with the*
        *debtor.*

20

21   The Settling Parties may hereafter discover facts in addition to or different from those which they

22   now know or believe to be true with respect to the subject matter of the Plaintiffs' Released Claims

23   and Defendants' Released Claims, but the Settling Parties shall be deemed to have, and by operation

24   of the Stipulation shall have, fully, finally, and forever settled and released any and all Plaintiffs'

25   Released Claims and Defendants' Released Claims, known or unknown, suspected or unsuspected,

26   contingent or fixed, whether or not concealed or hidden, that now exist or heretofore have existed

27   upon any theory or law or equity now existing or coming into existence in the future, including,

28   without limitation, conduct that is negligent, intentional, with or without malice, or a breach of any

1   duty, law, or rule, without regard to the subsequent discovery or existence of such different or

2   additional facts.

3   **2.    Settlement Consideration**

4   2.1    The Settling Parties have conducted arm's-length negotiations over an extended

5   period of time and have reached an agreement in good-faith to settle the Actions.  In sum, after

6   numerous good-faith discussions with regard to the possible settlement of the Actions, including

7   multiple teleconferences and an all-day mediation session before the Mediator, counsel for the

8   Settling Parties reached an agreement in principle for the proposed Settlement of the Actions on the

9   terms and conditions set forth in this Stipulation.

10   2.2    In connection with the Settlement, Arena has agreed to adopt the corporate

11   governance measures set forth in Exhibit A within thirty days from the State Court entering the

12   Judgment and the Federal Court's issuance of an order dismissing the Federal Derivative Action

13   with prejudice ("Corporate Governance Reforms").  Arena has further agreed to maintain such

14   reforms for a period of not less than five years from the date the respective reforms are adopted.

15   Arena and the Individual Defendants acknowledge and agree that, but for Plaintiffs and Lead

16   Counsel's filing and prosecution of the Actions, the Company would not have agreed to adopt,

17   implement, and maintain the Corporate Governance Reforms.  Arena also acknowledges and agrees

18   that the Corporate Governance Reforms are significant and extensive and confer substantial benefits

19   upon Arena and its shareholders by, among other things, strengthening Arena's internal controls and

20   addressing the alleged issues in the Actions. *See* Exhibit A.

21   2.3    In addition, the Settling Parties agree that the Settlement shall be conditioned on

22   Lead Counsel conducting such reasonable discovery of Arena as is appropriate and necessary to

23   confirm the fairness and reasonableness of the terms of the Settlement.  The parties have agreed that

24   the scope of confirmatory discovery shall at least include:  (i) Arena's new drug application to the

25   FDA; (ii) correspondence between Arena and the FDA regarding pre-clinical studies discussing

26   cancer in lab rats; (iii) scientific presentations to the Board updating them on pre-clinical studies

27   concerning cancer in lab rats; (iv) presentations to the Board regarding communications with the

28   FDA concerning pre-clinical studies and cancer in lab rats; (v) Board minutes discussing pre-

- 9 -

1   clinical studies and FDA communications; and (vi) an interview of a Board member with

2   knowledge of the relevant issues in the Actions.

3       **3.     Preliminary Approval and Notice**

4       3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the

5   Stipulation together with its exhibits to the State Court and shall jointly apply for entry of an order

6   (the "Preliminary Approval Order"), substantially in the form of Exhibit B attached hereto,

7   requesting: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of

8   the form and content of the Summary Notice of Pendency and Proposed Settlement of Shareholder

9   Derivative Action ("Summary Notice") and the Notice of Pendency and Proposed Settlement of

10  Shareholder Derivative Action ("Notice"); and (iii) a date for the Settlement Hearing.

11      3.2     Plaintiffs will move the State Court to approve the form and content of the Notice to

12  be provided to Arena's shareholders.  Specifically, Plaintiffs will seek approval of the Summary

13  Notice, substantially in the form attached hereto as Exhibit C, and the Notice, substantially in the

14  form attached hereto as Exhibit D.  The Summary Notice shall be published once in *Investor's*

15  *Business Daily* and shall refer shareholders to the websites of Arena and Lead Counsel to view the

16  detailed Notice and Stipulation.  Arena shall be responsible for all costs associated with publishing

17  the Summary Notice. If additional notice is required by the State Court, the cost and administration

18  of such additional notice will be borne by Arena. In addition, Arena shall file a Form 8-K with the

19  SEC that includes the Summary Notice.  The Settling Parties believe the content and manner of the

20  notices constitute adequate and reasonable notice to Arena shareholders pursuant to applicable law.

21      3.3     Lead Counsel shall request that the State Court hold the Settlement Hearing after

22  notice as described above is given to Arena shareholders.  At the Settlement Hearing, Lead Counsel

23  also will request that the State Court approve the Fee and Expense Amount to Plaintiffs' Counsel, as

24  further discussed in ¶¶4.1 – 4.4 below.

25      3.4     Within five calendar (5) days of the execution of the Stipulation, the parties to the

26  Federal Derivative Action shall jointly: (i) notify the Federal Court of the Stipulation and the

27  Settlement; and (ii) request that the Federal Court continue the stay of all proceedings in the Federal

28  Derivative Action pending the entry of Judgment by the State Court.

3.5     Within five calendar (5) days after entry by the State Court of the Judgment approving the Settlement, the parties to the Federal Derivative Action shall jointly apply to the Federal Court for a dismissal with prejudice of the Federal Derivative Action, and shall use their reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things, reasonably necessary, proper, or advisable under applicable laws, regulations and agreements, to secure such dismissal with prejudice.

**4.     Attorneys' Fees and Reimbursement of Expenses**

4.1     After negotiating the substantive terms of the Settlement, and in recognition of the substantial benefit conferred on Arena through the Settlement and with the substantial assistance and involvement of the Mediator, the Settling Parties reached an agreement as to a fair and reasonable amount of attorneys' fees and reimbursement of expenses to be paid to Plaintiffs' Counsel. In recognition of the benefits conferred on Arena as a direct and substantial result of the Actions, Arena's Board of Directors shall cause Arena's and the Individual Defendants' insurers to pay Plaintiffs' Counsel attorneys' fees and expenses of $1.1 million, subject to approval of the State Court (the "Fee and Expense Amount"). The Fee and Expense Amount shall be paid to Lead Counsel as custodian for all Plaintiffs' Counsel within ten (10) business days after the State Court enters the Judgment granting final approval of this Stipulation and dismissal of the State Action with prejudice.

4.2     In the event that the Effective Date does not occur, or the Judgment is reversed or modified, including by way of an appellate court having jurisdiction over either of the Actions, or the Stipulation is cancelled or terminated for any other reason, then any fees or expenses paid on behalf of Arena to Plaintiffs' Counsel shall be returned to the insurers, with interest accrued to date, within ten (10) business days from receiving notice of such cancellation or termination from Defendants' counsel or from the State Court. Plaintiffs' Counsel, as a condition of receiving any part of the Fee and Expense Amount, on behalf of themselves and each partner and/or shareholder of them, agrees that Plaintiffs' Counsel and their partners and/or shareholders are subject to the jurisdiction of the State Court for the purpose of enforcing the provisions of this paragraph.

4.3     Defendants have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or to any other person who may assert some claim thereto, of the fees and expenses paid on behalf of Arena to Plaintiffs' Counsel. Such funds shall be allocated by Lead Counsel, who shall allocate and disburse the Fee and Expense Amount among Plaintiffs' Counsel in a manner that they believe reflects the contribution of such counsel to the prosecution and resolution of the Actions.

4.4     Except as expressly provided herein, Plaintiffs and Plaintiffs' Counsel shall bear their own fees, costs, and expenses, and no Defendant shall assert any claim for expenses, costs, and fees against any Plaintiff.

**5.     Mutual Releases**

5.1     Upon the Effective Date, Plaintiffs' Released Persons, and each past or present shareholder of Arena shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Plaintiffs' Released Claims, including both known and Unknown Claims, against Defendants' Released Persons.

5.2     Upon the Effective Date, each of the Defendants' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Defendants' Released Claims against Plaintiffs' Released Persons, Plaintiffs' Counsel, and Defendants' Released Persons.

5.3     Arena and its Board of Directors warrant that they are satisfied that the foregoing constitutes reasonably equivalent value for the release of the Plaintiffs' Released Claims and is a fair, reasonable, and adequate resolution of the Plaintiffs' Released Claims on Arena's behalf and is in the best interests of Arena and its Shareholders.

**6.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

6.1     The Settlement shall be conditioned on the occurrence of all of the following events:

(a)     State Court entry of the Preliminary Approval Order;

(b)     State Court approval of the method or providing notice of pendency and proposed Settlement to current Arena shareholders

- 12 -
STIPULATION OF SETTLEMENT

1           (c)    State Court approval of the Summary Notice and Notice, attached hereto as

2    Exhibits C and D, respectively;

3           (d)    final approval of the Settlement by the State Court following notice to Arena

4    Shareholders and the Settlement Hearing as contemplated by the Stipulation;

5           (e)    State Court entry of the Judgment;

6           (f)    State Court approval of the Fee and Expense Amount;

7           (g)    Federal Court issuance of an order dismissing the Federal Derivative Action

8    with prejudice; and

9           (h)    the Judgment has become Final.

10        6.2    If any of the conditions listed in ¶6.1 are not met, the Stipulation and any settlement

11    documentation shall be null and void and of no force and effect, except for this paragraph, unless

12    Lead Counsel and Defendants' counsel mutually agree in writing to proceed with the Stipulation.  In

13    the event that any of the conditions listed in ¶6.1 are not met, the Settling Parties shall be restored to

14    their positions on the date immediately prior to the execution date of the Stipulation, and the

15    Stipulation shall not be deemed to constitute an admission of fact by any Settling Party, and neither

16    the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to for

17    any purposes in the Actions or in any litigation or judicial proceeding.

18        6.3    Upon entry of the Preliminary Approval Order, all proceedings and further activity

19    between the Settling Parties in the State Derivative Action, except for those relating to the

20    Settlement, shall be stayed pending the State Court's approval of the Settlement and entry of the

21    Judgment.

22    **7.    Bankruptcy**

23        7.1    In the event any proceedings by or on behalf of Arena, whether voluntary or

24    involuntary, are initiated under any chapter of the United States Bankruptcy Code, including any

25    act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy

26    Proceedings"), the Settling Parties agree to use their reasonable best efforts to obtain all necessary

27    orders, consents, releases, and approvals for effectuation of the Stipulation and State Court

28    approval of the Settlement in a timely and expeditious manner.  By way of example only, the

Settling Parties agree to cooperate in making applications and motions to the bankruptcy court for relief from any stay, approval of the settlement, authority to release funds, authority for the Individual Defendants' insurer to disburse insurance proceeds consistent with the Stipulation, authority to release claims and indemnify officers and directors, and authority for the State and Federal Courts to enter all necessary orders and judgments, and any other actions reasonably necessary to effectuate the terms of the Settlement.

7.2    If any Bankruptcy Proceedings by or on behalf of Arena are initiated prior to the payment of the Fee and Expense Amount, the Settling Parties shall agree to seek an order from the bankruptcy court presiding over such Bankruptcy Proceedings: (i) either lifting the automatic stay for limited purposes of authorizing such payment, or finding that the payment of the Fee and Expense Amount by the Individual Defendants' insurer under their respective policies or related compromise of coverage does not violate the automatic stay; and (ii) finding that the payment of the Fee and Expense Amount by the Individual Defendants' insurer under their respective policies or related compromise of coverage does not constitute a preference, voidable transfer, fraudulent transfer, or similar transaction.  In addition, in the event of any Bankruptcy Proceedings by or on behalf of Arena, the Settling Parties agree that all dates and deadlines in the Actions, if any, or any dates and deadlines associated with the appeal of the Actions, if any, will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases, and approvals from the bankruptcy court to carry out the terms and conditions of the Settlement.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties: (i) acknowledge that it is their intent to consummate the Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, any Settling Party shall have the option to withdraw from the Settlement.

8.3     The Settling Parties agree that terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.  In addition, the Settling Parties agree that during the course of the Actions the Settling Parties and their respective counsel at all times acted professionally and in compliance with Sections 128.5 and 128.7 of the California Code of Civil Procedure, Rule 11 of the Federal Rules of Civil Procedure, and any other court rule or statute with respect to any claims or defenses in the Actions.  Accordingly, the Judgment in the Actions will contain a finding that during the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Sections 128.5 and 128.7 of the California Code of Civil Procedure, Rule 11 of the Federal Rules of Civil Procedure, and any other court rule or statute with respect to any claims or defenses in the Actions.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Actions were brought or defended in bad faith or without a reasonable basis.

8.4     Each of the Individual Defendants expressly denies and continues to deny all allegations of wrongdoing or liability against himself or herself arising out of any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Actions.  The existence of or the provisions contained in the Stipulation shall not be deemed to prejudice in any way the respective positions of the Settling Parties with respect to the Actions, shall not be deemed a presumption, a concession, or admission by any of the Settling Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Actions or with respect to any of the claims settled in the Actions, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to the Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

8.5     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  The Stipulation and the exhibits attached hereto represent the

- 15 -

1   complete and final resolution of all disputes between the Settling Parties with respect to the Actions,

2   constitute the entire agreement among the Settling Parties, and supersede any and all prior

3   negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such

4   matters.

5       8.6    The Stipulation may be modified or amended only by a writing signed by the

6   signatories hereto.

7       8.7    The Stipulation shall be deemed drafted equally by all Settling Parties hereto.

8       8.8    The Stipulation and the Settlement contemplated by it shall be governed by, and

9   construed in accordance with, the laws of the State of California, without regard to the State's

10  conflict of law rules.

11      8.9    No representations, warranties, or inducements have been made to any of the Settling

12  Parties concerning the Stipulation or its exhibits other than the representations, warranties, and

13  covenants contained and memorialized in such documents.

14      8.10   Except as otherwise provided herein, each of the Settling Parties shall bear his, her,

15  or its own fees and costs.

16      8.11   Each counsel or other Person executing the Stipulation or its exhibits on behalf of

17  any of the Settling Parties hereby warrants that such Person has the full authority to do so.

18      8.12   The Stipulation shall be binding upon and inure to the benefit of the Settling Parties

19  and their respective agents, executors, heirs, successors, and assigns.

20      8.13   The Stipulation may be executed in counterparts by the signatories hereto, including

21  by facsimile, and as so executed shall constitute one agreement.

22      8.14   The State Court shall retain jurisdiction with respect to implementation and

23  enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the

24  State Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

25      8.15   Any captions, headings, sub-headings, or titles used in this Stipulation are for the

26  purpose of reference only, and shall not be construed as terms of this Stipulation or to have any

27  other legal force, meaning, or effect.

28

STIPULATION OF SETTLEMENT

8.16    Nothing in this Stipulation or the negotiations or proceedings related hereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, mediation privilege, or work-product immunity.

8.17    Any notice required to be given to any of the Settling Parties shall be delivered to the Settling Parties through their counsel at the addresses listed on the signature pages herein, or as may be designated by any Settling Party by write notice to the other Settling Parties.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of September 6, 2011.

Dated: September 6, 2011

ROBBINS UMEDA LLP
BRIAN J. ROBBINS (190264)
KEVIN A. SEELY(199982)
ASHLEY R. PALMER (246602)

_____
KEVIN A. SEELY

600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

Lead Counsel for State Derivative Plaintiffs
and Federal Derivative Plaintiffs

Dated: September ___, 2011

COOLEY LLP
KOJI F. FUKUMURA
WILLIAM E. GRAUER
MARY KATHRYN KELLEY
RYAN BLAIR

_____
KOJI F. FUKUMURA

4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

- 17 -

STIPULATION OF SETTLEMENT

8.16    Nothing in this Stipulation or the negotiations or proceedings related hereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, mediation privilege, or work-product immunity.

8.17    Any notice required to be given to any of the Settling Parties shall be delivered to the Settling Parties through their counsel at the addresses listed on the signature pages herein, or as may be designated by any Settling Party by write notice to the other Settling Parties.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of September 9, 2011.

Dated: September ___, 2011                    ROBBINS UMEDA LLP
                                              BRIAN J. ROBBINS (190264)
                                              KEVIN A. SEELY(199982)
                                              ASHLEY R. PALMER (246602)


                                              _____
                                                       KEVIN A. SEELY

                                              600 B Street, Suite 1900
                                              San Diego, CA 92101
                                              Telephone: (619) 525-3990
                                              Facsimile: (619) 525-3991

                                              Lead Counsel for State Derivative Plaintiffs
                                              and Federal Derivative Plaintiffs

Dated: September 9, 2011                       COOLEY LLP
                                              KOJI F. FUKUMURA
                                              WILLIAM E. GRAUER
                                              MARY KATHRYN KELLEY
                                              RYAN BLAIR

                                              _____
                                                       KOJI F. FUKUMURA

                                              4401 Eastgate Mall
                                              San Diego, CA 92121
                                              Telephone: (858) 550-6000
                                              Facsimile: (858) 550-6420

- 17 -

STIPULATION OF SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Counsel for defendants Jack Lief, Dominic P.
Behan, Robert E. Hoffman, William R.
Shanahan, Jr., Christen Anderson, Donald D.
Belcher, Scott H. Bice, Harry F. Hixson, Jr.,
Tina S. Nova, Christine A. White, Phillip M.
Schneider, Randall E. Woods, J. Clayburn La
Force, Jr., and nominal defendant Arena
Pharmaceuticals, Inc.

634733

- 18 -

STIPULATION OF SETTLEMENT

# Exhibit A

## CORPORATE GOVERNANCE TERM SHEET

*In re Arena Pharmaceuticals, Inc. Shareholder Derivative Litigation*, Lead Case No. 37-2010-00101051-CU-BT-CTL (Cal. Super. Ct. San Diego Cnty. Sept. 24, 2010) (the "State Derivative Action"); *Siliunas v. Lief et al.*, No. 10-CV-02132-IEG-NLS (S.D. Cal. Oct. 13, 2010) (the "Federal Derivative Action") (collectively the "Actions").

Within thirty days of the issuance of an order in the State Derivative Action approving the settlement of the Actions and the issuance of an order or notice of voluntary dismissal dismissing the Federal Derivative Action with prejudice, or before, the Board of Directors (the "Board") of Arena Pharmaceuticals, Inc. ("Arena" or the "Company") shall adopt resolutions and amend appropriate committee charters to implement and/or to ensure adherence to the following Corporate Governance Reforms.   The following Corporate Governance Reforms shall be maintained for a period of not less than five years from the date they are implemented, respectively; provided, however, that Section VI.A shall be maintained for a period of not less than five years from the date the positions described therein are separated:

I.      **Review Process and Public Disclosures**

     A.      The Audit Committee or another committee of independent directors of the Board shall annually review the Company's policies and procedures relating to public disclosures.  The Audit Committee or another committee of independent directors shall specifically review, discuss, and approve the Company's public disclosure policies and procedures.

II.     **Management Responsibilities and Assessment of Disclosure Controls and Procedures**

     A.      Management shall, on a quarterly basis, assess the adequacy of the Company's disclosure controls and procedures.

          (i)      The Company's disclosure committee shall have a subcommittee comprised of at least the Company's Chief Scientific Officer or Chief Medical Officer and a senior regulatory employee who shall review, prior to public release, any public disclosure containing any new, material, scientific, or regulatory updates or information.

     B.      The Chief Executive Officer shall be responsible for providing the entire Board with periodic and regular updates concerning material communications with the FDA.

III.    **Audit Committee Responsibilities**

     A.      The Audit Committee shall, on at least a quarterly basis, meet with the Company's Chief Executive Officer and Chief Financial Officer to discuss and review management's assessment of the Company's compliance with its disclosure controls and procedures.

B.      The Audit Committee shall hold executive sessions with the Company's independent auditor, and its financial management, as a routine item on its agenda for at least one of its regularly scheduled meetings each quarter.

C.      The Audit Committee, or, if the full Audit Committee is not available, a member of the Audit Committee designated by the Chair of the Audit Committee, shall review and approve a draft of the Company's Forms 10-Q and 10-K and a draft of the Company's earnings releases prior to dissemination to the public.

## IV.      Consideration of Independent Auditor Rotation

A.      Every five years, the Audit Committee shall consider choosing a new public accounting firm to provide audit services.  If applicable, the process for selecting a new independent public accounting firm must be based on proposals with detailed terms and conditions following a good faith effort by the Company to solicit such proposals.  The Audit Committee shall also annually seek a non-binding vote from stockholders ratifying the Audit Committee's selection of the Company's auditor.

## V.       Director Independence

A.      At least two-thirds of the members of the Board shall be Independent Directors. If an Independent Director's resignation leaves the Board with a ratio of Independent to Inside Directors that falls below this threshold, the requirements of this provision will be suspended until the next Annual Meeting of shareholders, after which time composition of the Board shall again comply with this provision.

B.      Independent Directors currently serving on the Board shall serve for no more than a total of 16 years.  Independent Directors who are elected to the Board after the Company's implementation of these Corporate Governance Reforms ("New Independent Directors") shall serve for no more than a total of 10 years, provided, however, that if the Board determines in anticipation of the 10 year term limit of a New Independent Director that such New Independent Director should continue to serve on the Board, then the 16 year term limit shall apply.

C.      Each Independent Director shall certify his or her status in writing and inform the Chairman of the Board and Lead Independent Director immediately in writing of any change in status.

D.      The Independent Directors shall meet in executive session at least four times annually.

## VI.      Chairman of the Board

A.      The positions of Chairman of the Board ("Chairman") and Chief Executive Officer shall not be held by the same person within three years of the Company's implementation of these Corporate Governance Reforms.  The Board may, at its discretion, decide to eliminate or not fill the position of Chairman and instead

appoint a Lead Independent Director, in which case all references to a "Chairman" in this Article VI shall mean "Lead Independent Director."

B.      Once the current Chairman steps down, the position of Chairman shall be held by an Independent Director and shall be elected by the Independent Directors.

C.      The performance of the Chairman shall be evaluated each year by the Board. If, in the judgment of the Board, the Chairman is not sufficiently active or successful in providing meaningful leadership for the Board, he or she shall be replaced.

D.      The Chairman shall have a maximum tenure of six years; provided, however, that this six year term shall not apply to the current Chairman.

## VII.   Director Training and Continuing Education

A.      At least twice per year, the Board shall devote at least one hour during regularly scheduled board meetings to director training on recent developments in legal standards related to corporate governance, disclosure obligations, or industry specific issues.

B.      Standing committees of the Board shall review recent developments affecting the committee's responsibilities as an agenda item for a majority of their regularly scheduled meetings.

## VIII.  Whistle-Blower Hotline

A.      The Company shall engage an independent, third party supplier to provide a whistle-blower hot line to Arena employees and other stakeholders, such as the NASDAQ OMX Whistleblower Hotline.  The contact information for the Whistleblower Hotline will be conspicuously and widely posted by the Company on its website and elsewhere, so as to be available to not only employees but also to customers, vendors, and other third parties.  This whistle-blower hotline shall provide an anonymous communication channel for employees and other stakeholders to report their concerns regarding, among other things, the integrity of Arena's public disclosures, accounting, and auditing matters.  Employees may also use this communication channel to report concerns relating to ethical business or personal conduct, integrity, and professionalism.  This reporting system, however, shall not replace the other methods employees or other stakeholders have traditionally used to communicate with Arena.

## IX.    Restatement Claw-back Provision

A.      The Board shall adopt a resolution providing that, following an accounting restatement that is required to be prepared due to material noncompliance with any financial reporting requirements under the securities laws, the Company will seek repayment from any current or former executive officer of any incentive-based compensation that was:  (i) based on the erroneous data; (ii) paid during the three-year period preceding the date on which the accounting restatement is

required to be prepared; and (iii) in excess of what would have been paid under the accounting restatement. To the extent that Congress enacts legislation or the U.S. Securities and Exchange Commission adopts rules or promulgates regulations defining the circumstances under which the Company is entitled to seek repayment from a current or former executive officer, as set forth above, those laws, rules or regulations shall apply.

# Exhibit B

1

2

3

4

5

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN DIEGO

10   IN RE ARENA PHARMACEUTICALS,          )   Lead Case No. 37-2010-00101051-CU-BT-
     INC. SHAREHOLDER DERIVATIVE           )   CTL
11   LITIGATION                            )
                                           )   (Consolidated with Case No. 37-2010-
12   This Document Relates To:             )   00101052-CU-BC-CTL)
                                           )
13       ALL ACTIONS                       )   [PROPOSED] ORDER PRELIMINARILY
                                           )   APPROVING SETTLEMENT AND
14                                         )   PROVIDING NOTICE
                                           )
15                                         )   Judge: Ronald L. Styn
                                           )   Dept: C-62
16                                         )   Date Action Filed: September 24, 2010

17

18

19

20

21

22

23

24

25

26

27

28

1   WHEREAS, the above-captioned shareholder derivative action is pending before the

2   Court (the "State Derivative Action");

3   WHEREAS, a related shareholder derivative action is pending before the United States

4   District Court, Southern District of California, captioned *In re Arena Pharmaceuticals, Inc.*

5   *Shareholder Litigation*, Lead Case No. 10-CV-02079-BTM (BLM) (the "Federal Derivative

6   Action," collectively with the State Derivative Action, the "Actions");

7   WHEREAS, the Settling Parties have made an application for an order preliminarily

8   approving the proposed Settlement of the Actions in accordance with the Stipulation of

9   Settlement dated September __, 2011 (the "Stipulation"), which together with the exhibits

10   annexed thereto, sets forth the terms and conditions for the proposed Settlement of the Actions,

11   and for dismissal of the Actions with prejudice;

12   WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for

13   Preliminary Approval of Shareholder Derivative Settlement together with the accompanying

14   Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all

15   the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling

16   Parties in favor of preliminary approval of the Settlement;

17   WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement

18   falls within the range of possible approval criteria, as it provides a beneficial result for Arena and

19   its shareholders and appears to be the product of good faith, informed, and non-collusive

20   negotiations between experienced and able counsel for the Settling Parties;

21   WHEREAS, the Court also finds, upon a preliminary evaluation, that Arena shareholders

22   should be apprised of the Settlement through the proposed form of notice, allowed to file

23   objections, if any, thereto, and appear at the Settlement Hearing; and

24   WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall

25   have the same meanings and/or definitions as set forth in the Stipulation.

26   NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as

27   follows:

28

- 1 -

1. The Court does hereby preliminarily approve the Settlement as set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Pending the Court's determination as to final approval of the Settlement, Arena Pharmaceuticals, Inc. ("Arena") shareholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

3. The Settlement Hearing shall be held on _____, 2011, at _:_ _.m., before the Honorable Ronald L. Styn, in the San Diego Superior Court, 330 West Broadway, San Diego, CA 92101, to determine whether: (i) the settlement of the Actions upon the terms and subject to the conditions set forth in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (ii) the Actions should be dismissed with prejudice; and (iii) the agreed upon Fee and Expense Amount should be approved. The Court may adjourn the Settlement Hearing without further notice to Arena shareholders.

4. The Court approves, as to form and content, the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Summary Notice") and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions (the "Notice") attached to the Stipulation as Exhibits C and D respectively, and finds that the provisions of the Summary Notice and the Notice meet the requirements of California law and due process, and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of the Summary Notice and Notice may be made without further approval of the Court.

5. Arena shall bear all financial responsibility for providing the Notice and the Summary Notice to Arena shareholders.

6. Within ten calendar days after the entry of this Order (the "Preliminary Approval Order"), Arena shall cause a copy of the Summary Notice to be published once in *Investor's Business Daily*, and shall file a Form 8-K with the U.S. Securities and Exchange Commission that includes that Summary Notice.

7.      Within ten calendar days after entry of this Order, Arena and Robbins Umeda LLP shall cause the Notice and the Stipulation to be posted on each of their respective websites.

8.      At least seven calendar days prior to the Settlement Hearing, Arena shall file with the Court proof, by affidavit or declaration, of the publishing of the Summary Notice.

9.      At least seven calendar days prior to the Settlement Hearing, Arena and Plaintiffs' Counsel shall file with the Court proof, by affidavit or declaration, of the posting of the Notice and Stipulation on their respective websites.

10.     At least seven calendar days prior to the Settlement Hearing, all briefs supporting the Settlement, including any responses to shareholder objections, if any, shall be served and filed.

11.     Any Arena shareholder may object and/or appear and show cause, if he, she or it has any concern, why the settlement of the Actions should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Amount should not be approved; provided, however, unless otherwise ordered by the Court, no Arena shareholder shall be heard or entitled to contest the approval of the terms and conditions of the settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Amount unless that shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing:   (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Arena common stock through the date of the Settlement Hearing, including the number of shares of Arena common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if an Arena shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court:  (a) a written notice of such shareholder's intention to appear; (b)  a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement of the subjects of their testimony.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

12.     If an Arena shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

*The Court*:                              *Counsel for Plaintiffs*:

Clerk of the Court                        ROBBINS UMEDA LLP
Superior Court of California              Attn: Nichole T. Browning, Esq.
County of San Diego                       Attn: Ashley R. Palmer, Esq.
330 West Broadway                         600 B Street, Suite 1900
San Diego, CA 92101                       San Diego, CA 92101

*Counsel for Defendants*:

COOLEY LLP
Attn: Koji F. Fukumura
Attn: Ryan Blair
4401 Eastgate Mall
San Diego, CA 92121

13.     Unless the Court otherwise directs, no Arena shareholder shall be entitled to object to the approval of the Settlement, to the Fee and Expense Amount, or to otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above.  Any Arena shareholder who does not make his, her, or its objection in the manner and within the time prescribed above shall be deemed to have waived the right to object (including the right to appeal) and shall forever be barred, in this proceeding or in any other proceeding, from raising such objection(s).

14.     All Arena shareholders (and their successors, predecessors, and assigns) shall be bound by all determinations and judgments in the Actions concerning the Settlement, whether favorable or unfavorable to Arena shareholders.

15.     If Court approval of the Settlement does not occur for any reason, the Settlement and the Stipulation shall be null and void and of no force and effect. In such event, the Settling Parties shall return to their respective litigation positions in the Actions as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

1 positions of the Settling Parties with respect to the Actions, or to constitute an admission of fact
2 by any Settling Party, shall not entitle any Settling Party to recover any costs or expenses
3 incurred in connection with the implementation of the Stipulation or the Settlement, and neither
4 the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to
5 for any purposes in the Actions, or in any litigation or judicial proceeding, other than to enforce
6 the terms therein.

7     16.    All proceedings in the State Derivative Action, except for those proceedings
8 related to the Settlement, shall be stayed until the resolution of all such settlement-related
9 proceedings.

10                         * * *

11                     **ORDER**

12     IT IS SO ORDERED.

14 DATED:_____    _____

15                             THE HONORABLE RONALD L. STYN
                            JUDGE OF THE SUPERIOR COURT

635660

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

# Exhibit C

1   ROBBINS UMEDA LLP
    BRIAN J. ROBBINS (190264)
2   KEVIN A. SEELY(199982)
    ASHLEY R. PALMER (246602)
3   600 B Street, Suite 1900
    San Diego, CA  92101
4   Telephone: (619) 525-3990
    Facsimile: (619) 525-3991

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE ARENA PHARMACEUTICALS, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 37-2010-00101051-CU-BT-CTL |
| | (Consolidated with Case No. 37-2010-00101052-CU-BC-CTL) |
| This Document Relates To: | SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTIONS |
| ALL ACTIONS | |
| | Judge: Ronald L. Styn |
| | Dept: C-62 |
| | Date Action Filed: September 24, 2010 |

TO:     **ALL OWNERS OF ARENA PHARMACEUTICALS, INC. COMMON STOCK AS OF SEPTEMBER __, 2011:**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the Superior Court of the State of California, County of San Diego (the "Court"), that the parties to the above captioned action, as well as the parties to an action pending in the U.S. District Court for the Southern District of California captioned *In re Arena Pharmaceuticals, Inc. Shareholder Litigation*, Lead Case No. 10-CV-02079-BTM (BLM) (collectively, the "Actions"), have reached an agreement to settle the shareholder derivative claims brought on behalf and for the benfit of Arena Pharmaceuticals, Inc. ("Arena" or the "Company").  If you are an Arena shareholder, your rights to pursue certain derivative claims on behalf of Arena may be affected by this Settlement.  This notice is not intended to be an expression of any opinion by the Court with respect to the merits of the claims made in the Actions, but is merely to advise you of the pendency and proposed Settlement of the Actions.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the Court, a Settlement Hearing shall be held on _____, 2011, at _:__ _.m., before the Honorable Ronald L. Styn, at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101, Department C-62.  At the Settlement Hearing, the Court will consider whether to grant final approval of the Settlement and the Fee and Expense Amount.  The Court may adjourn the Settlement Hearing without further notice to Arena shareholders.

A detailed Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice"), describing the Actions, the proposed Settlement, and the rights of Arena shareholders with regard to the Settlement, has been filed with the Court and is available for viewing on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and Arena at http://www.invest.arenapharm.com/sec/cfm.

You have the right, but are not required to appear in person or through counsel at the Settlement Hearing to object to the terms of the proposed Settlement or otherwise present evidence or argument that may be proper and relevant.  However, you shall not be heard, and no papers, briefs or other documents by you shall be received and considered by the Court (unless the Court

- 1 -

1  in its discretion shall thereafter otherwise direct, upon application of such person and for good

2  cause shown), unless not later than fourteen (14) calendar days prior to the Settlement Hearing,

3  you file with the Court: (i) a written notice of objection with your name, address and telephone

4  number, along with a representation as to whether you intend to appear at the Settlement Hearing;

5  (ii) competent evidence that you held shares of Arena common stock as of September __, 2011,

6  and that you continue to hold shares of Arena common stock as of the date of the Settlement

7  Hearing; (iii) a statement of your objections to any matters before the Court, the grounds therefor

8  or the reasons for your desiring to appear and be heard, as well as all documents or writings you

9  desire the Court to consider; and (iv) the identities of any witnesses you plan on calling at the

10  Settlement Hearing, along with a summary description of their likely testimony.

11       In addition, on or before the date of such filing, you must also serve the same documents

12  via first class mail or overnight delivery upon each of the following:

13       *The Court*:                              *Counsel for Plaintiffs*:

14       Clerk of the Court                        ROBBINS UMEDA LLP
         Superior Court of California             Attn: Nichole T. Browning, Esq.
15       County of San Diego                      Attn: Ashley R. Palmer, Esq.
         330 West Broadway                        600 B Street, Suite 1900
16       San Diego, CA 92101                      San Diego, CA 92101

17       *Counsel for Defendants*:

18       COOLEY LLP
         Attn: Koji F. Fukumura
19       Attn: Ryan Blair
         4401 Eastgate Mall
20       San Diego, CA 92121

21  Unless the Court otherwise directs, you shall not be entitled to object to the approval of the

22  Settlement, to the Fee and Expense Amount, or to otherwise be heard, except by serving and filing

23  a written objection and supporting papers and documents as prescribed above.  If you fail to object

24  in the manner and within the time prescribed above you shall be deemed to have waived your right

25  to object (including the right to appeal) and shall forever be barred, in this proceeding or in any

26  other proceeding, from raising such objection(s).

27       **PLEASE DO NOT TELEPHONE THE COURT OR ARENA REGARDING
         THIS NOTICE**

28
         - 2 -

# Exhibit D

1  ROBBINS UMEDA LLP
   BRIAN J. ROBBINS (190264)
2  KEVIN A. SEELY(199982)
   ASHLEY R. PALMER (246602)
3  600 B Street, Suite 1900
   San Diego, CA  92101
4  Telephone: (619) 525-3990
   Facsimile: (619) 525-3991

5

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SAN DIEGO

10 IN RE ARENA PHARMACEUTICALS,      )   Lead Case No. 37-2010-00101051-CU-BT-CTL
   INC. SHAREHOLDER DERIVATIVE       )
11 LITIGATION                        )   (Consolidated with Case No.
                                     )   37-2010-00101052-CU-BC-CTL)
12 This Document Relates To:         )
                                     )   NOTICE OF PENDENCY AND PROPOSED
13     ALL ACTIONS                   )   SETTLEMENT OF SHAREHOLDER
                                     )   DERIVATIVE ACTIONS
14                                   )
                                     )
15                                   )   Judge: Ronald L. Styn
                                     )   Dept: C-62
16 _____)   Date Action Filed: September 24, 2010

17

18

19

20

21

22

23

24

25

26

27

28

**TO:**    **ALL OWNERS OF ARENA PHARMACEUTICALS, INC. ("ARENA") COMMON STOCK AS OF SEPTEMBER __, 2011:**

**THIS NOTICE RELATES TO THE PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE LITIGATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. IF YOU ARE AN ARENA SHAREHOLDER, THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order of the Superior Court of the State of California, County of San Diego (the "Court"), that a proposed Settlement has been reached between the Parties to the following shareholder derivative actions brought on behalf of Arena: (i) *In re Arena Pharmaceuticals Inc. Shareholder Derivative Litigation*, Lead Case No. 37-2010-00101051-CU-BT-CTL, pending in the Superior Court of California, County of San Diego ("State Derivative Action"); and (ii) *In re Arena Pharmaceuticals, Inc. Shareholder Litigation*, Lead Case No. 10-CV-02079-BTM (BLM), pending the United States District Court for the Southern District of California ("Federal Derivative Action") (collectively, the "Actions").

As explained below, the Court will hold a Settlement Hearing on _____, 2011 at __:__ _.m., before the Honorable Ronald L. Styn, at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101, Department C-62, to determine whether to approve the Settlement.  You have an opportunity to be heard at this hearing.

The terms of the Settlement are set forth in a Stipulation and Agreement of Settlement dated September __, 2011, (the "Stipulation").  The Settlement provides for corporate governance reforms that are designed to strengthen the Company's internal controls and protect the Company going forward.  If approved by the Court, the Settlement will fully resolve the Actions on the terms set forth in the Stipulation and summarized in this notice, including the dismissal of the Actions with prejudice.   For a more detailed statement of the matters involved in the Actions, the Settlement, and the terms discussed in this notice, the Stipulation may be inspected at the Clerk of Court's office at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101.  The Stipulation is also available for viewing on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html            and            Arena            at http://www.invest.arenapharm.com/sec/cfm.

1  This notice is not intended to be an expression of any opinion by the Court with respect to the
2  merits of the claims made in the Actions, but is merely to advise you of the pendency and Settlement
3  of the Actions.

4  **There is No Claims Procedure.** This case was brought to protect the interests of Arena and
5  its shareholders. The Settlement will result in changes to the Company's corporate governance, not in
6  payment to individuals, and accordingly, there will be no claims procedure.

7  **I.     THE DERIVATIVE ACTIONS**

8  The Actions are brought by Plaintiffs solely on behalf of and for the benefit of Arena and
9  against the Individual Defendants.  Plaintiffs generally allege, among other things, that the
10 Individual Defendants breached their fiduciary duties, wasted corporate assets, and were unjustly
11 enriched by making and approving false and misleading statements to the public that failed to
12 disclose the Company's experimental weight-loss drug, Lorcaserin, had caused cancer in lab rats,
13 and instead disclosing Lorcaserin was safe, effective, and likely to gain approval from the U.S.
14 Food and Drug Administration.

15 **II.    TERMS OF THE SETTLEMENT**

16 The terms and conditions of the proposed Settlement are set forth in the Stipulation
17 described above.  The Stipulation has been filed with the Court and is also available for viewing on
18 the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and Arena at
19 http://www.invest.arenapharm.com/sec/cfm.  The following is only a summary of its terms.

20 In consideration for the Settlement, Arena has agreed to adopt significant corporate
21 governance reforms designed to strengthen the Company's internal controls.  Arena and the
22 Individual Defendants acknowledge and agree that, but for Plaintiffs and their Lead Counsel's
23 filing and prosecution of the Actions, the Company would not have agreed to adopt, implement,
24 and maintain the Corporate Governance Reforms.   Arena also acknowledges and agrees that the
25 Corporate Governance Reforms are significant and extensive and confer substantial benefits upon
26 Arena and its shareholders by, among other things, strengthening Arena's internal controls and
27 helping to address issues alleged in the Actions.

28

- 2 -

1    For example, the Corporate Governance Reforms set forth policies and procedures that are
2 designed to strengthen, among other things, the Company's internal controls concerning its public
3 disclosures.  In particular, the reforms require that: (i) Arena's management assess the adequacy of
4 the Company's disclosure controls and procedures on a quarterly basis; (ii) Arena's Audit
5 Committee meet with management on a quarterly basis to discuss management's assessment of the
6 Company's compliance with its disclosure controls and procedures; and (iii) Arena's Audit
7 Committee (or another independent committee) annually review and approve the Company's
8 public disclosure policies and procedures.  Additionally, the reforms require that: (i) Arena's Audit
9 Committee (or a member thereof) review and approve the Company's draft Forms 10-Q and 10-K
10 and draft earnings releases prior to public dissemination; and (ii) a subcommittee of Arena's
11 Disclosure Committee (which shall be comprised of the Company's Chief Scientific Officer or
12 Chief Medical Officer, as well as another senior regulatory employee) shall review public
13 disclosures containing any new, material, scientific, or regulatory updates or information prior to
14 public dissemination.

15    In addition to strengthening Arena's disclosure controls, the Corporate Governance
16 Reforms are also designed to strengthen the Board's independence.  For example, the Company
17 will implement policies requiring that: (i) at least two-thirds of the members of the Board be
18 independent directors (there is a limited exception if an independent director resigns); (ii)
19 independent directors be allowed to serve on the Board for a total of ten to sixteen years
20 (depending on certain factors); and (iii) independent directors meet in executive session at least
21 four times annually.  Additionally, once the current Chairman steps down, the position of
22 Chairman (or Lead Independent Director) shall be held by an independent director and shall be
23 elected by the independent directors.

24    The reforms also require that the Company adopt certain policies designed to ensure that
25 Arena's directors stay abreast of developments in legal standards related to corporate governance,
26 disclosure obligations, and industry specific issues.

27    Arena has agreed to adopt the Corporate Governance Reforms within thirty days after
28 dismissal of the Actions with prejudice and to maintain such reforms for a period of not less than

1  five years from the date the respective Corporate Governance Reforms are adopted.

2       This Notice provides a summary of some, but not all, of the Corporate Governance

3  Reforms that Arena has agreed to adopt as consideration for the Settlement.  For a list of all of the

4  Corporate Governance Reforms, please see the Stipulation, which may be inspected during

5  business hours at the office of the Clerk of the Court, San Diego Superior Courthouse, 300 West

6  Broadway, San Diego, California, 92101, and viewed on viewed on the websites of Robbins

7  Umeda    LLP    at    http://www.robbinsumeda.com/notices.html    and    Arena    at

8  http://www.invest.arenapharm.com/sec/cfm.

9  **III.    DISMISSAL AND RELEASES**

10      The Settlement is conditioned, among other things, upon: (i) entry of an order by the Court

11  approving the Settlement and dismissing the State Derivative Action with prejudice; and (ii) entry

12  of an order by the Federal Court dismissing the Federal Derivative Action with prejudice.  The

13  Settlement will not become effective until such dismissals have been entered and have become

14  final and non-appealable (the "Effective Date").

15      Upon the Effective Date, Arena, Plaintiffs, and each past or present shareholder of Arena

16  shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever

17  released, relinquished and discharged all claims, debts, demands, rights, or causes of action or

18  liabilities, including Unknown Claims, existing derivatively on behalf of Arena against the

19  Defendants and each of their respective past or present officers, directors, employees, attorneys,

20  accountants, auditors, banks or investment bankers, advisors, insurers, co-insurers, reinsurers,

21  heirs, executors, personal or legal representatives, estates, administrators, predecessors,

22  successors, assigns, parent entities, subsidiaries, affiliates, spouses, associates, or any of their

23  immediate family members (the "Released Persons"), that arise out of or relate to: (i) the

24  allegations in the Actions; or (ii) the Settlement, except for any claims to enforce the terms of the

25  Settlement (the "Released Claims").

26      Further, upon the Effective Date, each of the Released Persons shall be deemed to have,

27  and by operation of the Judgment shall have, fully, finally and forever released, relinquished and

28  discharged any and all claims, debts, rights, or causes of action or liabilities, including Unknown

- 4 -

1   Claims, that could be asserted in any forum by the Released Persons or their successors and

2   assigns or their subrogates, against Plaintiffs, Plaintiffs' Counsel, or Arena, that arise out of or

3   relate in any way to the institution, prosecution, or settlement of the Actions (except for any claims

4   to enforce the Settlement).

5   **IV.     PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

6           Plaintiffs, through Lead Counsel, conducted an extensive factual and legal investigation

7   into the claims asserted in the Actions, as well as the defenses and controlling legal principles

8   surrounding those claims.  Among other things, Plaintiffs, through their Lead Counsel, reviewed

9   Arena's press releases, public statements, filings with the U.S. Securities and Exchange

10  Commission ("SEC"), regulatory filings and reports, and securities analysts' reports and other

11  advisories about the Company.

12          Plaintiffs believe that the claims asserted in the Actions have merit.  However, Plaintiffs

13  recognize and acknowledge the expense and length of continued proceedings necessary to

14  prosecute the Actions against the Individual Defendants through trial and/or any appeals.

15  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation,

16  especially in complex cases such as the Actions, as well as the difficulties and delays inherent in

17  such litigation.  In addition, Plaintiffs are mindful of the inherent problems of proof and possible

18  defenses that Defendants may assert with respect to the Actions.

19          In light of the foregoing, Plaintiffs and their Lead Counsel believe that the Settlement set

20  forth in the Stipulation confers substantial benefits upon Arena.  Thus, Plaintiffs and their Lead

21  Counsel have determined that the Settlement is in the best interests of Arena and its shareholders.

22  **V.      DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

23          Defendants have denied and continue to deny each and all of the claims and contentions

24  alleged by Plaintiffs in the Actions.  The Individual Defendants expressly have denied and

25  continue to deny all charges of wrongdoing or liability against them arising out of any of the

26  conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions.

27          Nonetheless, Defendants have concluded that further litigation of the Actions would be

28  protracted and expensive, and that it is desirable that the Actions be fully and finally settled in the

1   manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken

2   into account the uncertainty and risks inherent in any litigation, especially in complex cases like

3   the Actions. Defendants have, therefore, determined that it is desirable and beneficial to them and

4   to Arena that the Actions be settled in the manner and upon the terms and conditions set forth in the

5   Stipulation. Further, Defendants believe that the Settlement set forth in the Stipulation confers

6   substantial benefits upon Arena and its shareholders and is in the best interests of Arena and its

7   shareholders.

8   **VI.    PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

9          After negotiating the substantive terms of the Settlement, and in recognition of the

10  substantial benefits conferred on Arena through the Settlement, the Settling Parties reached an

11  agreement as to a fair and reasonable sum to be paid for Plaintiffs' attorneys' fees and expenses.

12  The Individual Defendants' insurer shall pay to Plaintiffs' Counsel the agreed-to-amount of

13  $1,100,000 for attorneys' fees and expenses (the "Fee and Expense Amount"). Plaintiffs' Lead

14  Counsel shall request approval by the Court of the Fee and Expense Amount at the Settlement

15  Hearing. To date, Plaintiffs' Counsel have neither received any payment for their services in

16  conducting the Actions, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket

17  litigation expenses incurred. Plaintiffs' Lead Counsel believe that the Fee and Expense Amount is

18  within the range of fees and expenses awarded to plaintiffs' counsel under similar circumstances in

19  litigation of this type. Neither Arena nor its shareholders are personally liable for the Fee and

20  Expense Amount.

21  **VII.   THE SETTLEMENT HEARING AND YOUR RIGHT TO BE HEARD**

22         The Settlement Hearing will be held before the Honorable Ronald L. Styn of the Court on

23  _____, 2011 at __:__ __.m. at the San Diego Superior Courthouse, 330 West Broadway, San

24  Diego, California, 92101, Department C-62. The Settlement Hearing may be continued by the

25  Court at the Settlement Hearing, or at any adjourned session thereof without further notice.

26         At the Settlement Hearing, the Court will consider whether to grant final approval to the

27  Settlement and the Fee and Expense Amount. You have the right, but are not required to appear in

28  person or through counsel at the Settlement Hearing to object to the terms of the proposed

1   Settlement or otherwise present evidence or argument that may be proper and relevant.  However,

2   you shall not be heard, and no papers, briefs or other documents by you shall be received and

3   considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon

4   application of such person and for good cause shown), unless not later than fourteen (14) calendar

5   days prior to the Settlement Hearing, you file with the Court:

6         (i)     a written notice of objection with your name, address and telephone number, along

7   with a representation as to whether you intend to appear at the Settlement Hearing ;

8         (ii)    competent evidence that you held shares of Arena common stock as of September

9   __, 2011, and that you continue to hold shares of Arena common stock as of the date of the

10  Settlement Hearing;

11        (iii)   a statement of your objections to any matters before the Court, the grounds therefor

12  or the reasons for your desiring to appear and be heard, as well as all documents or writings you

13  desire the Court to consider; and

14        (iv)   the identities of any witnesses you plan on calling at the Settlement Hearing, along

15  with a summary description of their likely testimony.

16        In addition, on or before the date of such filing, *you must also serve the same documents*

17  *via first class mail or overnight delivery upon each of the following*:

18        *The Court*:                        *Counsel for Plaintiffs*:

19        Clerk of the Court             ROBBINS UMEDA LLP

20        Superior Court of California     Attn: Nichole T. Browning, Esq.

        County of San Diego          Attn: Ashley R. Palmer, Esq.

21        330 West Broadway          600 B Street, Suite 1900

        San Diego, CA 92101        San Diego, CA 92101

22        *Counsel for Defendants*:

23        COOLEY LLP

        Attn: Koji F. Fukumura

24        Attn: Ryan Blair

        4401 Eastgate Mall

25        San Diego, CA 92121

26  Unless the Court otherwise directs, you shall not be entitled to object to the approval of the

27  Settlement, to the Fee and Expense Amount, or to otherwise be heard, except by serving and filing

28  a written objection and supporting papers and documents as prescribed above. *If you fail to object*

- 7 -

1  *in the manner and within the time prescribed above you shall be deemed to have waived your*

2  *right to object (including the right to appeal) and shall forever be barred, in this proceeding or*

3  *in any other proceeding, from raising such objection(s).*

4  **VIII.   CONDITIONS FOR SETTLEMENT**

5      The Settlement is conditioned upon the occurrence of certain events described in the

6  Stipulation, which requires, among other things: (i) approval of the Settlement; (ii) dismissal of the

7  Actions with prejudice; and (iii) expiration of the time to appeal from, or alter or amend, the

8  Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met and

9  the entry of the Judgment does not occur, the Stipulation might be terminated and, if terminated,

10  will become null and void; and the parties to the Stipulation will be restored to their respective

11  positions as of the execution date of the Stipulation.

12  **IX.    EXAMINATION OF PAPERS AND INQUIRIES**

13      There is additional information concerning the Settlement available in the Stipulation of

14  Settlement, which may be inspected during business hours at the office of the Clerk of the Court,

15  San Diego Superior Courthouse, 300 West Broadway, San Diego, California, 92101, and viewed

16  on viewed on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html

17  and Arena at http://www.invest.arenapharm.com/sec/cfm.

18      For more information concerning the Settlement, you may also call or write to: Robbins

19  Umeda LLP, c/o Lauren Levi, Client Relations, 600 B Street, Suite 1900, San Diego, CA 92101,

20  Telephone: (619) 525-3990.

21        **PLEASE DO NOT TELEPHONE THE COURT OR ARENA REGARDING**

22                  **THIS NOTICE.**

23

24

25

26

27

28  635681

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTIONS

# Exhibit E

1

2

3

4

5

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF SAN DIEGO

| | |
|---|---|
| 10 IN RE ARENA PHARMACEUTICALS, INC. SHAREHOLDER DERIVATIVE 11 LITIGATION | ) Lead Case No. 37-2010-00101051-CU-BT-CTL ) |
| 11 | ) ) (Consolidated with Case No. 37-2010- |
| 12 This Document Relates To: | ) 00101052-CU-BC-CTL) ) |
| 13 ALL ACTIONS | ) [PROPOSED] FINAL ORDER OF ) DISMISSAL WITH PREJUDICE AND ) JUDGMENT |
| 14 | ) |
| 15 | ) Judge: Ronald L. Styn ) Dept: C-62 |
| 16 | ) Date Action Filed: September 24, 2010 |

17

18

19

20

21

22

23

24

25

26

27

28

1        This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    _____, 2011 ("Preliminary Approval Order"), on the application of the

3    Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated

4    September __, 2011 (the "Stipulation").  Due and adequate notice having been given to Arena

5    Pharmaceuticals, Inc. ("Arena") shareholders as required in said Preliminary Approval Order,

6    and the Court having considered all papers filed and proceedings and otherwise being fully

7    informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED,

8    ADJUDGED, AND DECREED that:

9        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

10   capitalized terms used herein shall have the same meanings and/or definitions as set forth in the

11   Stipulation.

12       2.    This Court has jurisdiction over the subject matter of the State Derivative Action,

13   including all matters necessary to effectuate the Settlement, and over all Settling Parties to the

14   State Derivative Action, including the State Derivative Plaintiffs, Arena shareholders, Arena, and

15   the Individual Defendants.

16       3.    The Court finds that the Settlement is fair, reasonable, and adequate as to each of

17   the Settling Parties and that the Settlement provides substantial benefits to Arena and its

18   shareholders.  The Court hereby finally approves the Settlement in all respects and orders the

19   Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

20       4.    The State Derivative Action and all claims contained therein, as well as all of the

21   Released Claims, are dismissed with prejudice.  As between Plaintiffs, Arena, and the Individual

22   Defendants, the Settling Parties are to bear their own costs, except as otherwise provided herein

23   and in the Stipulation.

24       5.    Upon the Effective Date, Plaintiffs' Released Persons, and each past or present

25   shareholder of Arena shall be deemed to have, and by operation of the Judgment shall have,

26   fully, finally and forever released, relinquished and discharged all Plaintiffs' Released Claims,

27   including both known and Unknown Claims, against Defendants' Released Persons.

28

[PROPOSED] FINAL ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT

6.     Upon the Effective Date, each of the Defendants' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Defendants' Released Claims against Plaintiffs' Released Persons, Plaintiffs' Counsel, and Defendants' Released Persons.

7.     The Court finds that the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions published in *Investor's Business Daily* and included in Arena's Form 8-K, filed with the U.S. Securities and Exchange Commission, and the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice") posted on the websites of Robbins Umeda LLP and Arena, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of California law and due process under the U.S. Constitution.

8.     The Court finds that during the course of the State Derivative Action the Settling Parties and their respective counsel at all times acted professionally and in compliance with California Code of Civil Procedure sections 128.5 and 128.7, and all other similar statutes or court rules with respect to any claims or defenses in the Actions.

9.     The Court hereby approves the sum of $1.1 million for the payment of Plaintiffs' attorneys' fees and expenses (the "Fee and Expense Amount").  Defendants shall cause their insurers to transfer the Fee and Expense Amount to Lead Counsel in accordance with the terms and conditions set forth in the Stipulation.

10.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Arena, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to

- 2 -

support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if the entry of the Judgment fails to occur in accordance with the Stipulation.

12. If for any reason any of the conditions of paragraph 6.1 of the Stipulation does not occur, or if the Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, all Settling Parties and Released Persons shall be restored to their respective positions in the Actions on the date immediately prior to the execution date of the Stipulation. In such event, the terms and provisions of the Stipulation shall be null and void and of no force and effect, except for paragraph 6.2, unless the Settling Parties' counsel mutually agree in writing otherwise, and the Stipulation shall not be deemed to constitute an admission of fact by any of the Settling Parties, and neither the existence of the Stipulation nor its contents, shall be admissible in evidence or be referred to for any purposes in the Actions or in any litigation or judicial proceeding.

13. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with California Code of Civil Procedure section 664.6.

IT IS SO ORDERED.

DATED:_____

_____
HONORABLE RONALD L. STYN
JUDGE OF THE SUPERIOR COURT

635686

[PROPOSED] FINAL ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT

# EXHIBIT 2

# The National Business Marketplace

**Place ad by phone or fax**
PHONE 800-423-5515
FAX 310-577-7346
Deadline: 12:00pm (Pacific Time)
3 weekdays before publication.
All sales are final.

**LEGAL NOTICES**
The National Business Marketplace
Advertising info
1-800-423-5515

**Notice**
"If you require additional information on any of the above companies, please contact your local Chamber of Commerce or Better Business Bureau in your area."

**BUSINESS OPPORTUNITIES**
PARTNER WANTED FOR EMERGENCY ID COMPANY
Strong Growth, Xlnt Oppty.
lpoone@yahoo.com

## LEGAL NOTICES

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN DIEGO

IN RE ARENA PHARMACEUTICALS, INC. SHAREHOLDER DERIVATIVE LITIGATION

This Document Relates To:

ALL ACTIONS

Lead Case No. 37-2010-00101051-CU-BT-CTL

(Consolidated with Case No. 37-2010-00101052-CU-BC-CTL)

SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTIONS

Judge: Ronald L. Styn
Dept: C-62
Date Action Filed: September 24, 2010

**TO: ALL OWNERS OF ARENA PHARMACEUTICALS, INC. COMMON STOCK AS OF SEPTEMBER 9, 2011:**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the Superior Court of the State of California, County of San Diego (the "Court"), that the parties to the above-captioned action, as well as the parties to an action pending in the U.S. District Court for the Southern District of California captioned *In re Arena Pharmaceuticals, Inc. Shareholder Litigation*, Lead Case No. 10-CV-2079-BTM (BLM) (collectively, the "Actions"), have reached an agreement to settle the shareholder derivative claims brought on behalf and for the benefit of Arena Pharmaceuticals, Inc. ("Arena" or the "Company"). If you are an Arena shareholder, your rights to pursue certain derivative claims on behalf of Arena may be affected by this Settlement. This notice is not intended to be an expression of any opinion by the Court with respect to the merits of the claims made in the Actions, but is merely to advise you of the pendency and proposed Settlement of the Actions.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the Court, a Settlement Hearing will be held on December 16, 2011, at 2:00 p.m., before the Honorable Ronald L. Styn, at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101, Department C-62. At the Settlement Hearing, the Court will consider whether to grant final approval of the Settlement and the Fee and Expense Amount. The Court may adjourn the Settlement Hearing without further notice to Arena shareholders.

A detailed Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions ("Notice"), describing the Actions, the proposed Settlement, and the rights of Arena shareholders with regard to the Settlement, has been filed with the Court and is available for viewing on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and Arena at http://www.invest.arenapharm.com/sec.cfm.

You have the right, but are not required to appear in person or through counsel at the Settlement Hearing to object to the terms of the proposed Settlement or otherwise present evidence or argument that may be proper and relevant. However, you shall not be heard, and no papers, briefs or other documents by you shall be received and considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), unless not later than fourteen (14) calendar days prior to the Settlement Hearing, you file with the Court: (i) a written notice of objection with your name, address and telephone number, along with a representation as to whether you intend to appear at the Settlement Hearing; (ii) competent evidence that you held shares of Arena common stock as of September 9, 2011, and that you continue to hold shares of Arena common stock as of the date of the Settlement Hearing; (iii) a statement of your objections to any matters before the Court, the grounds therefor or the reasons for your desiring to appear and be heard, as well as all documents or writings you desire the Court to consider; and (iv) the identities of any witnesses you plan on calling at the Settlement Hearing, along with a summary description of their likely testimony.

In addition, on or before the date of such filing, you must also serve the same documents via first class mail or overnight delivery upon each of the following:

| *The Court:* | *Counsel for Plaintiffs:* | *Counsel for Defendants:* |
|---|---|---|
| Clerk of the Court<br>Superior Court of California<br>County of San Diego<br>330 West Broadway<br>San Diego, CA 92101 | ROBBINS UMEDA LLP<br>Attn: Nichole T. Browning, Esq.<br>Attn: Ashley R. Palmer, Esq.<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | COOLEY LLP<br>Attn: Koji F. Fukumura<br>Attn: Ryan Blair<br>4401 Eastgate Mall<br>San Diego, CA 92121 |

Unless the Court otherwise directs, you shall not be entitled to object to the approval of the Settlement, to the Fee and Expense Amount, or to otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. If you fail to object in the manner and within the time prescribed above you shall be deemed to have waived your right to object (including the right to appeal) and shall forever be barred, in this proceeding or in any other proceeding, from raising such objection(s).

**PLEASE DO NOT TELEPHONE THE COURT OR ARENA REGARDING THIS NOTICE**

EXHIBIT 3

1  ROBBINS UMEDA LLP
   BRIAN J. ROBBINS (190264)
2  KEVIN A. SEELY(199982)
   ASHLEY R. PALMER (246602)
3  600 B Street, Suite 1900
   San Diego, CA  92101
4  Telephone: (619) 525-3990
   Facsimile: (619) 525-3991
5
6
7
8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                            COUNTY OF SAN DIEGO
10  IN RE ARENA PHARMACEUTICALS,      )  Lead Case No. 37-2010-00101051-CU-BT-CTL
    INC. SHAREHOLDER DERIVATIVE       )
11  LITIGATION                        )  (Consolidated with Case No.
                                      )  37-2010-00101052-CU-BC-CTL)
12  This Document Relates To:         )
                                      )  NOTICE OF PENDENCY AND PROPOSED
13      ALL ACTIONS                   )  SETTLEMENT OF SHAREHOLDER
                                      )  DERIVATIVE ACTIONS
14                                    )
                                      )
15                                    )
                                      )  Judge: Ronald L. Styn
16                                    )  Dept: C-62
                                      )  Date Action Filed: September 24, 2010
17
18
19
20
21
22
23
24
25
26
27
28

**TO:    ALL OWNERS OF ARENA PHARMACEUTICALS, INC. ("ARENA") COMMON STOCK AS OF SEPTEMBER 9, 2011:**

**THIS NOTICE RELATES TO THE PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE LITIGATION.    PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. IF YOU ARE AN ARENA SHAREHOLDER, THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order of the Superior Court of the State of California, County of San Diego (the "Court"), that a proposed Settlement has been reached between the Parties to the following shareholder derivative actions brought on behalf of Arena: (i) *In re Arena Pharmaceuticals Inc. Shareholder Derivative Litigation*, Lead Case No. 37-2010-00101051-CU-BT-CTL, pending in the Superior Court of California, County of San Diego ("State Derivative Action"); and (ii) *In re Arena Pharmaceuticals, Inc. Shareholder Litigation*, Lead Case No. 10-CV-02079-BTM (BLM), pending the United States District Court for the Southern District of California ("Federal Derivative Action") (collectively, the "Actions").

As explained below, the Court will hold a Settlement Hearing on December 16, 2011 at 2:00 p.m., before the Honorable Ronald L. Styn, at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101, Department C-62, to determine whether to approve the Settlement.  You have an opportunity to be heard at this hearing.

The terms of the Settlement are set forth in a Stipulation and Agreement of Settlement dated September 9, 2011, (the "Stipulation").  The Settlement provides for corporate governance reforms that are designed to strengthen the Company's internal controls and protect the Company going forward.  If approved by the Court, the Settlement will fully resolve the Actions on the terms set forth in the Stipulation and summarized in this notice, including the dismissal of the Actions with prejudice.  For a more detailed statement of the matters involved in the Actions, the Settlement, and the terms discussed in this notice, the Stipulation may be inspected at the Clerk of Court's office at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101.  The Stipulation is also available for viewing on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and Arena at http://invest.arenapharm.com/sec.cfm.

1   This notice is not intended to be an expression of any opinion by the Court with respect to the
2   merits of the claims made in the Actions, but is merely to advise you of the pendency and Settlement
3   of the Actions.

4   **There is No Claims Procedure.** This case was brought to protect the interests of Arena and
5   its shareholders. The Settlement will result in changes to the Company's corporate governance, not in
6   payment to individuals, and accordingly, there will be no claims procedure.

7   **I.      THE DERIVATIVE ACTIONS**

8   The Actions are brought by Plaintiffs solely on behalf of and for the benefit of Arena and
9   against the Individual Defendants.  Plaintiffs generally allege, among other things, that the
10  Individual Defendants breached their fiduciary duties, wasted corporate assets, and were unjustly
11  enriched by making and approving false and misleading statements to the public that failed to
12  disclose the Company's experimental weight-loss drug, Lorcaserin, had caused cancer in lab rats,
13  and instead disclosing Lorcaserin was safe, effective, and likely to gain approval from the U.S.
14  Food and Drug Administration.

15  **II.     TERMS OF THE SETTLEMENT**

16  The terms and conditions of the proposed Settlement are set forth in the Stipulation
17  described above.  The Stipulation has been filed with the Court and is also available for viewing on
18  the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html and Arena at
19  http://invest.arenapharm.com/sec/cfm.  The following is only a summary of its terms.

20  In consideration for the Settlement, Arena has agreed to adopt significant corporate
21  governance reforms designed to strengthen the Company's internal controls.  Arena and the
22  Individual Defendants acknowledge and agree that, but for Plaintiffs and their Lead Counsel's
23  filing and prosecution of the Actions, the Company would not have agreed to adopt, implement,
24  and maintain the Corporate Governance Reforms.  Arena also acknowledges and agrees that the
25  Corporate Governance Reforms are significant and extensive and confer substantial benefits upon
26  Arena and its shareholders by, among other things, strengthening Arena's internal controls and
27  helping to address issues alleged in the Actions.

28

For example, the Corporate Governance Reforms set forth policies and procedures that are designed to strengthen, among other things, the Company's internal controls concerning its public disclosures. In particular, the reforms require that: (i) Arena's management assess the adequacy of the Company's disclosure controls and procedures on a quarterly basis; (ii) Arena's Audit Committee meet with management on a quarterly basis to discuss management's assessment of the Company's compliance with its disclosure controls and procedures; and (iii) Arena's Audit Committee (or another independent committee) annually review and approve the Company's public disclosure policies and procedures. Additionally, the reforms require that: (i) Arena's Audit Committee (or a member thereof) review and approve the Company's draft Forms 10-Q and 10-K and draft earnings releases prior to public dissemination; and (ii) a subcommittee of Arena's Disclosure Committee (which shall be comprised of the Company's Chief Scientific Officer or Chief Medical Officer, as well as another senior regulatory employee) shall review public disclosures containing any new, material, scientific, or regulatory updates or information prior to public dissemination.

In addition to strengthening Arena's disclosure controls, the Corporate Governance Reforms are also designed to strengthen the Board's independence. For example, the Company will implement policies requiring that: (i) at least two-thirds of the members of the Board be independent directors (there is a limited exception if an independent director resigns); (ii) independent directors be allowed to serve on the Board for a total of ten to sixteen years (depending on certain factors); and (iii) independent directors meet in executive session at least four times annually. Additionally, once the current Chairman steps down, the position of Chairman (or Lead Independent Director) shall be held by an independent director and shall be elected by the independent directors.

The reforms also require that the Company adopt certain policies designed to ensure that Arena's directors stay abreast of developments in legal standards related to corporate governance, disclosure obligations, and industry specific issues.

Arena has agreed to adopt the Corporate Governance Reforms within thirty days after dismissal of the Actions with prejudice and to maintain such reforms for a period of not less than

1   five years from the date the respective Corporate Governance Reforms are adopted.

2           This Notice provides a summary of some, but not all, of the Corporate Governance

3   Reforms that Arena has agreed to adopt as consideration for the Settlement.  For a list of all of the

4   Corporate Governance Reforms, please see the Stipulation, which may be inspected during

5   business hours at the office of the Clerk of the Court, San Diego Superior Courthouse, 300 West

6   Broadway, San Diego, California, 92101, and viewed on viewed on the websites of Robbins

7   Umeda     LLP     at     http://www.robbinsumeda.com/notices.html     and     Arena     at

8   http://invest.arenapharm.com/sec/cfm.

9   **III.     DISMISSAL AND RELEASES**

10          The Settlement is conditioned, among other things, upon: (i) entry of an order by the Court

11  approving the Settlement and dismissing the State Derivative Action with prejudice; and (ii) entry

12  of an order by the Federal Court dismissing the Federal Derivative Action with prejudice.  The

13  Settlement will not become effective until such dismissals have been entered and have become

14  final and non-appealable (the "Effective Date").

15          Upon the Effective Date**,** Arena, Plaintiffs, and each past or present shareholder of Arena

16  shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever

17  released, relinquished and discharged all claims, debts, demands, rights, or causes of action or

18  liabilities, including Unknown Claims, existing derivatively on behalf of Arena against the

19  Defendants and each of their respective past or present officers, directors, employees, attorneys,

20  accountants, auditors, banks or investment bankers, advisors, insurers, co-insurers, reinsurers,

21  heirs, executors, personal or legal representatives, estates, administrators, predecessors,

22  successors, assigns, parent entities, subsidiaries, affiliates, spouses, associates, or any of their

23  immediate family members (the "Released Persons"), that arise out of or relate to: (i) the

24  allegations in the Actions; or (ii) the Settlement, except for any claims to enforce the terms of the

25  Settlement (the "Released Claims").

26          Further, upon the Effective Date, each of the Released Persons shall be deemed to have,

27  and by operation of the Judgment shall have, fully, finally and forever released, relinquished and

28  discharged any and all claims, debts, rights, or causes of action or liabilities, including Unknown

1  Claims, that could be asserted in any forum by the Released Persons or their successors and

2  assigns or their subrogates, against Plaintiffs, Plaintiffs' Counsel, or Arena, that arise out of or

3  relate in any way to the institution, prosecution, or settlement of the Actions (except for any claims

4  to enforce the Settlement).

5  **IV.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

6          Plaintiffs, through Lead Counsel, conducted an extensive factual and legal investigation

7  into the claims asserted in the Actions, as well as the defenses and controlling legal principles

8  surrounding those claims.  Among other things, Plaintiffs, through their Lead Counsel, reviewed

9  Arena's press releases, public statements, filings with the U.S. Securities and Exchange

10 Commission ("SEC"), regulatory filings and reports, and securities analysts' reports and other

11 advisories about the Company.

12         Plaintiffs believe that the claims asserted in the Actions have merit.  However, Plaintiffs

13 recognize and acknowledge the expense and length of continued proceedings necessary to

14 prosecute the Actions against the Individual Defendants through trial and/or any appeals.

15 Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation,

16 especially in complex cases such as the Actions, as well as the difficulties and delays inherent in

17 such litigation.  In addition, Plaintiffs are mindful of the inherent problems of proof and possible

18 defenses that Defendants may assert with respect to the Actions.

19         In light of the foregoing, Plaintiffs and their Lead Counsel believe that the Settlement set

20 forth in the Stipulation confers substantial benefits upon Arena.  Thus, Plaintiffs and their Lead

21 Counsel have determined that the Settlement is in the best interests of Arena and its shareholders.

22 **V.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

23         Defendants have denied and continue to deny each and all of the claims and contentions

24 alleged by Plaintiffs in the Actions.  The Individual Defendants expressly have denied and

25 continue to deny all charges of wrongdoing or liability against them arising out of any of the

26 conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions.

27         Nonetheless, Defendants have concluded that further litigation of the Actions would be

28 protracted and expensive, and that it is desirable that the Actions be fully and finally settled in the

manner and upon the terms and conditions set forth in the Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Actions.  Defendants have, therefore, determined that it is desirable and beneficial to them and to Arena that the Actions be settled in the manner and upon the terms and conditions set forth in the Stipulation.  Further, Defendants believe that the Settlement set forth in the Stipulation confers substantial benefits upon Arena and its shareholders and is in the best interests of Arena and its shareholders.

## VI.     PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

After negotiating the substantive terms of the Settlement, and in recognition of the substantial benefits conferred on Arena through the Settlement, the Settling Parties reached an agreement as to a fair and reasonable sum to be paid for Plaintiffs' attorneys' fees and expenses.  The Individual Defendants' insurer shall pay to Plaintiffs' Counsel the agreed-to-amount of $1,100,000 for attorneys' fees and expenses (the "Fee and Expense Amount").  Plaintiffs' Lead Counsel shall request approval by the Court of the Fee and Expense Amount at the Settlement Hearing.  To date, Plaintiffs' Counsel have neither received any payment for their services in conducting the Actions, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket litigation expenses incurred.  Plaintiffs' Lead Counsel believe that the Fee and Expense Amount is within the range of fees and expenses awarded to plaintiffs' counsel under similar circumstances in litigation of this type.  Neither Arena nor its shareholders are personally liable for the Fee and Expense Amount.

## VII.    THE SETTLEMENT HEARING AND YOUR RIGHT TO BE HEARD

The Settlement Hearing will be held before the Honorable Ronald L. Styn of the Court on December 16, 2011 at 2:00 p.m. at the San Diego Superior Courthouse, 330 West Broadway, San Diego, California, 92101, Department C-62.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof without further notice.

At the Settlement Hearing, the Court will consider whether to grant final approval to the Settlement and the Fee and Expense Amount.  You have the right, but are not required to appear in person or through counsel at the Settlement Hearing to object to the terms of the proposed

- 6 -

1   Settlement or otherwise present evidence or argument that may be proper and relevant.  However,

2   you shall not be heard, and no papers, briefs or other documents by you shall be received and

3   considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon

4   application of such person and for good cause shown), unless not later than fourteen (14) calendar

5   days prior to the Settlement Hearing, you file with the Court:

6       (i)    a written notice of objection with your name, address and telephone number, along

7   with a representation as to whether you intend to appear at the Settlement Hearing ;

8       (ii)   competent evidence that you held shares of Arena common stock as of September

9   9, 2011, and that you continue to hold shares of Arena common stock as of the date of the

10  Settlement Hearing;

11      (iii)  a statement of your objections to any matters before the Court, the grounds therefor

12  or the reasons for your desiring to appear and be heard, as well as all documents or writings you

13  desire the Court to consider; and

14      (iv)   the identities of any witnesses you plan on calling at the Settlement Hearing, along

15  with a summary description of their likely testimony.

16      In addition, on or before the date of such filing, *you must also serve the same documents*

17  *via first class mail or overnight delivery upon each of the following*:

18      ***The Court***:                          ***Counsel for Plaintiffs***:

19      Clerk of the Court                      ROBBINS UMEDA LLP
        Superior Court of California            Attn: Nichole T. Browning, Esq.
20      County of San Diego                     Attn: Ashley R. Palmer, Esq.
        330 West Broadway                       600 B Street, Suite 1900
21      San Diego, CA 92101                     San Diego, CA 92101

22      ***Counsel for Defendants***:

23      COOLEY LLP
        Attn: Koji F. Fukumura
24      Attn: Ryan Blair
        4401 Eastgate Mall
25      San Diego, CA 92121

26  Unless the Court otherwise directs, you shall not be entitled to object to the approval of the

27  Settlement, to the Fee and Expense Amount, or to otherwise be heard, except by serving and filing

28  a written objection and supporting papers and documents as prescribed above. ***If you fail to object***

- 7 -

1   *in the manner and within the time prescribed above you shall be deemed to have waived your*

2   *right to object (including the right to appeal) and shall forever be barred, in this proceeding or*

3   *in any other proceeding, from raising such objection(s)*.

4   **VIII.    CONDITIONS FOR SETTLEMENT**

5         The Settlement is conditioned upon the occurrence of certain events described in the

6   Stipulation, which requires, among other things: (i) approval of the Settlement; (ii) dismissal of the

7   Actions with prejudice; and (iii) expiration of the time to appeal from, or alter or amend, the

8   Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met and

9   the entry of the Judgment does not occur, the Stipulation might be terminated and, if terminated,

10   will become null and void; and the parties to the Stipulation will be restored to their respective

11   positions as of the execution date of the Stipulation.

12   **IX.      EXAMINATION OF PAPERS AND INQUIRIES**

13         There is additional information concerning the Settlement available in the Stipulation of

14   Settlement, which may be inspected during business hours at the office of the Clerk of the Court,

15   San Diego Superior Courthouse, 300 West Broadway, San Diego, California, 92101, and viewed

16   on viewed on the websites of Robbins Umeda LLP at http://www.robbinsumeda.com/notices.html

17   and Arena at http://invest.arenapharm.com/sec/cfm.

18         For more information concerning the Settlement, you may also call or write to: Robbins

19   Umeda LLP, c/o Lauren Levi, Client Relations, 600 B Street, Suite 1900, San Diego, CA 92101,

20   Telephone: (619) 525-3990.

21              **PLEASE DO NOT TELEPHONE THE COURT OR ARENA REGARDING**
                                **THIS NOTICE.**
22

23

24

25

26

27

28   635681